Nov. Term,
1857.

JOHNSON
v.
POWELL.

---

JOHNSON *v.* POWELL.

Where a party agrees to deliver property on a day and at a place named in the contract of sale, to be paid for on delivery, such delivery and payment are concurrent acts, to be done at the same time, and he cannot maintain an action on the contract without alleging and proving his readiness, at the time and place, to deliver the property to the vendee.

But where the place of delivery is pointed out, but the day not fixed; and the vendee does not give notice of the day upon which he will be ready to receive the property, though the nature of the contract requires such notice; or if he give notice that he will not receive it within the period of time fixed by the contract; then the vendee is in default, and the vendor can maintain his action.

*Friday,*
*December 11.*

APPEAL from the *Shelby* Court of Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Johnson* upon a written contract, which is as follows:

" *October* 16, 1853.   I have this day sold *Aaron Johnson* eighty head of healthy, corn fatted hogs, at 3 dollars and 50 cents per hundred pounds, gross weight; the hogs to be weighed and delivered to *Johnson* at *James Smith's* scales,

any time between the 1st and 15th of *December* next, the money to be paid at the time of delivery. (Signed,) *Aaron Johnson, John Powell.*"

The complaint avers that the plaintiff was ready, &c., at all times between the 1st and 15th of *December*, to deliver the hogs, &c., and proposed to weigh and deliver them at the place named in the contract, to the defendant, who declined receiving them, and notified the plaintiff that he, defendant, would not receive them, whereupon the plaintiff sold the hogs at 3 dollars per hundred pounds, gross weight. The recovery of the difference between the two sales, was the object of the suit. The defendant answered by general denial. Verdict for the plaintiff. New trial refused, and judgment, &c.

The facts of this case, so far as they relate to questions arising in the record, are these: The hogs were kept and fed three-fourths of a mile from *Smith's* scales, the place of delivery. On the 6th of *December*, 1853, the plaintiff requested the defendant to receive them, which he declined doing. The plaintiff then inquired of the defendant, when he would take the hogs. To which inquiry he answered, that he thought he could receive them about the 17th or 18th of *December*. They were kept and fed until the 21st of that month, when the plaintiff sold them to one *Henry H. Talbott*, for 3 dollars per hundred pounds, gross weight.

The evidence tends to prove that the plaintiff, at all times between the 1st and 15th of *December*, 1853, had in his possession, ready to be delivered to the defendant, the number and quality of hogs required by the contract; but he did not have them at the place of delivery; nor was he notified that the defendant would be ready to receive and pay for them.

At the proper time, the defendant moved to instruct the jury in effect, as follows:

Although *Johnson* failed to give notice of the day on which he would receive and pay for the hogs, still the plaintiff is not entitled to recover, unless he had, between the days agreed on by the parties, at *James Smith's* scales,

Nov. Term, 1857.

JOHNSON
v.
POWELL.

80 head of healthy, well-fatted hogs, ready to be delivered to the defendant.

This instruction was refused, and its refusal is assigned for error.

When a party agrees to deliver property on a day and at a place named in the contract of sale, to be paid for on delivery, such delivery and payment are concurrent acts, to be done at the same time, and he cannot maintain an action on the contract, without alleging and proving his readiness, at the time and place, to deliver the property to the vendee. 1 Saund. Pl. and Ev. 127. This principle is relied on in support of the instruction, and is, no doubt, an established rule; but does it apply to the case at bar? ⸱ In the contract before us, the place of delivery is definitely shown; but the day of performance is not pointed out with any degree of certainty. It was, evidently, not the intention of the parties to bind the plaintiff to have the property, at all times between the 1st and 15th of *December*, at the place agreed on. And without notice from the defendant, it was not possible to know the day on which he would be ready to receive and pay for the hogs. Such notice, though not expressly required, is to be implied from the nature of the contract, and should have been given by the defendant; because the matter to which it would have related was peculiarly within his knowledge. Chit. on Cont. p. 732, *et seq.* Having thus failed to give the notice, the defendant is, in our opinion, plainly in default, and, therefore, liable to the plaintiff for the difference between the sales. *Harris* v. *Bradley*, 9 Ind. R. 166.

But there is still another reason why the action should be sustained. The defendant, in effect, notified the plaintiff that he could not receive and pay for the hogs within the time stated in the contract; hence, the plaintiff was evidently excused from taking the property to the place of delivery. We think the instruction was correctly refused.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*W. J. Peaslee,* for the appellant.

*M. M. Ray* and *T. A. McFarland,* for the appellee.