Carter *v.* Carter *et al.*

Filed April 22, 1885.

———————

No. 11,995.

## CARTER *v.* CARTER ET AL.

CONTRACT.— *Delivery.*— *Pleading.*— *Complaint.*— *Variance.*—The complaint alleged that the plaintiffs agreed to deliver, and the defendant to receive, at a stipulated price, one hundred stock hogs within twenty days from

the date of the agreement, at either of two designated scales, where said hogs were to be delivered to the plaintiffs; that the plaintiffs had the hogs ready for delivery at the time and place agreed upon, and notified the defendant to that effect, who refused to receive them. The evidence tended to show that plaintiffs purchased the hogs from different persons and had them ready to be delivered, and that they then notified the defendant of their readiness to deliver, and requested him to be at the scales to receive them, but plaintiffs had not actually driven the hogs to the scales.

*Held*, that there was a substantial compliance with the contract on the part of the plaintiffs, and that the evidence sustains the complaint in its general scope and meaning.

ARGUMENT OF COUNSEL.—*Allusion to Absence of Defendant in Civil Action.*— An allusion of counsel, during the closing argument to the jury in a civil cause, to the absence of the defendant, is not available for the reversal of the judgment, when it does not appear that he was harmed thereby.

SAME.—*Statement as to Change of Venue.*—A statement in the closing argument to the jury, that the opposite party had taken a change of venue, is not proper, but if the counsel at once desist upon objection being made, and the court tells the jury that the change of venue had nothing to do with the case, and they should not consider it, there is no available error.

From the Tippecanoe Circuit Court.

*R. C. Gregory, W. B. Gregory, R. P. Davidson* and *J. C. Davidson,* for appellant.

*W. D. Wallace* and *A. A. Rice,* for appellees.

MITCHELL, J.—Counsel for appellant contend that the judgment of the circuit court should be reversed for two reasons: 1. Because the case as made by the evidence is fatally variant from that alleged in the complaint; and, 2. Because the appellees' counsel in the closing argument indulged in remarks which were not germane to the proper discussion of the evidence, and which were prejudicial to the appellant's cause.

The complaint was in two paragraphs, but as no question is made which especially involves the second, it need not be further noticed.

Briefly stated, the first paragraph of the complaint is this: That the plaintiffs, Carter & Sayers, about the 1st day of July,

1874, agreed to deliver, and the defendant Carter agreed to receive from them, one hundred stock hogs within twenty days from that date, " at the scales where said hogs were to be delivered to them, in the vicinity of Pleasant Hill, or Wayne Town, in Montgomery county, Indiana," at a price stipulated for, and that the defendant, as a part of the same contract, sold and agreed to deliver to the plaintiffs, on the 1st day of October, 1874, one hundred fat hogs, averaging two hundred and fifty pounds each, to be paid for at a stipulated price, and that twenty dollars was paid on the contract by the plaintiffs to the defendant at the time it was made.

It is then averred that the plaintiffs had the stock hogs ready for delivery at the time and place agreed upon, and notified the defendant to that effect, who refused to receive them, and that at the time agreed upon they demanded of him the fat hogs agreed to be delivered by him to them, and were ready and offered to pay for them the stipulated price, but that defendant refused to deliver the hogs, and that the plaintiffs sustained damage, for reasons properly stated, in the sum of five hundred dollars.

It is claimed that the proof is fatally variant in that it does not show or tend to show a delivery of or offer to deliver the stock hogs, according to the averment of the complaint, but that the most that can be said of it is that it shows or tends to show an excuse for not delivering or offering to deliver the hogs. The fair import of the contract, as it is averred in the complaint, is that the defendant would receive the hogs at any time within twenty days, upon being notified by the plaintiffs that they had them ready to be delivered at either one of the designated scales which the plaintiffs might select, and give notice to the defendant. *Johnson* v. *Powell*, 9 Ind. 566.

There was evidence tending to show that the plaintiffs purchased the hogs from several different persons and had them ready to be delivered; that they then notified the defendant of their readiness to deliver, and requested him to be at the

scales to receive them, but they had not actually driven them to the scales. The defendant then repudiated the contract and said that he would not receive the hogs. This was a substantial compliance with the contract on the part of the plaintiffs, and sustains the complaint in its "general scope and meaning."

The averment of the complaint is that the plaintiffs, by the terms of their contract, were to deliver the hogs at the scales at which they were to be delivered to them, and that within the time fixed they notified the defendant that they had the hogs ready for delivery at the time and place agreed upon, and that he refused to receive them. The salutary rule stated in *Thomas* v. *Dale*, 86 Ind. 435, and other cases, holding that a recovery must be had, if had at all, on the case as made in the complaint, is not to be relaxed. We think, however, that the evidence fairly sustains the averment in the complaint, when interpreted as it was meant by the pleader. *McCarty* v. *Burnet*, 84 Ind. 23; *Binford* v. *Johnston*, 82 Ind. 426 (42 Am. R. 508).

It is made to appear by the first bill of exceptions in the record, that during the closing argument to the jury the appellees' counsel said to the jury, "that he would show from the evidence that the defendant James Carter had manufactured three several items of evidence to support his cause, which he proceeded to discuss, one of which was, as said counsel charged, the fabrication of an entry in a book of date 1871, to antedate a transaction of 1872, and after discussing the three alleged attempts to manufacture a defence, he then said to the jury: 'Why isn't Jim Carter here to-day? He is not here to-day. He don't want to be here, and it is well he is not here after making such an exhibition of himself.' The fact being that the defendant James Carter had not been in court during the day, and was not during said argument of said counsel."

The second bill of exceptions recites the following facts:

"On the trial of said cause, and during the closing argu-

ment for the plaintiffs by counsel to the jury, in speaking of the different trials at which one Matt. Davidson had been a witness in said cause, said that it was in evidence that said Matt. Davidson attended here in Lafayette before the defendant Jim Carter took a change of venue of the cause from Tippecanoe to Montgomery county."

Here counsel for appellant objected to the remark, after which the bill of exceptions proceeds as follows :

" Whereupon said counsel said that he withdrew the remark, and that it was a slip of the tongue, but did not say that defendant had not taken a change of venue as stated, and the court, upon said objection being made, stated to counsel, in the hearing of the jury and to the jury, that the matter of a change of venue had nothing to do with the case, and should not be considered by them, and that it was improper to allude to it, but allowed defendant his exception as to the making of said remark."

The allusion of counsel to the absence of the defendant during the closing argument is to be characterized rather as a question of taste and propriety than as misconduct, and as we can not see how it could have resulted in harm to him, we can not reverse the judgment, especially as the court may have in its instructions, which are not in the record, informed the jury, if, indeed, such information was needed, that the presence or absence of the defendant during the argument of a civil cause is a matter of no consequence.

That allusion was made to the fact that a witness had attended at Lafayette before the defendant took a change of venue, seems to have been an inadvertence for which reparation was promptly made on the spot, both by counsel and the court, and it must be assumed resulted in no harm.

The following from *Worley* v. *Moore*, 97 Ind. 15, is fully applicable, except that here the court was not silent :

"A statement in argument to the jury, that one of the parties had caused the venue to be changed from the county where the parties reside, is not within the proper line of ar-

gument, but when the counsel at once desist upon objection being made, there is no available error. Neither can error be predicated upon the silence of the court, where there is no request for an admonition to the jury not to be influenced by the statement."

We agree that counsel should be held to the observance of the rules of debate, especially in the closing argument, where no opportunity of setting right injurious statements, which are improper and outside of the record, is afforded, and this court will not hesitate to inflict the penalty of a reversal for a transgression of the rule when there is a probability that injustice may have resulted, but we can not say in this case that this was probable.

Judgment affirmed, with costs.

Filed April 23, 1885.