The Ohio and Mississippi Railway Company *v.* Levy.

No. 15,384.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* LEVY.

PLEADING.—*Personal Injury.*—*Damages.*—*When Complaint Need not Negative Knowledge of Defect.*—*Railroad.*—*Duty to Construct Safe Crossing.*—The rule that an employe who sues the employer for injuries sustained because of defective machinery or appliances, must aver that he did not have knowledge of the defect, does not apply to a case where a person rightfully crossing a public street falls into a ditch or pit wrongfully left unguarded by a railway company under a duty to construct a safe crossing.

EVIDENCE.—*Affidavit for Change of Venue Incompetent.*—*Reversible Error.*—*Harmless Error.*—An affidavit made in support of an application for a change of venue is not competent evidence, and its admission as such will amount to reversible error, unless such admission worked no harm.

SAME.—*Declarations and Admissions of Railway's Counsel.*—*When not Binding on Company.*—*When Incompetent as Evidence.*—*Reversible Error.*—The legal adviser, or general counsel, of a railway company has no authority, by virtue of his general employment, to bind the company by declarations or admissions outside of the business of the law department, unless it is shown that such counsel is vested with special or general authority concerning matters outside of such department.

From the Jennings Circuit Court.

*G. F. Lawrence, E. Barton, W. M. Ramsey, L. Maxwell* and *R. Ramsey,* for appellant.

*C. A. Korbly, W. O. Ford* and *A. G. Smith,* for appellee.

ELLIOTT, J.—The appellee alleges in her complaint that she was injured by falling into a ditch adjoining the appellant's track in the city of North Vernon; that her injury was attributable to the negligence of the appellant, and that there was no contributory negligence on her part. The course of the argument pursued renders it unnecessary for us to do more than give an outline of the complaint.

There is no substantial merit in counsel's contention that the plaintiff is required, in an action to recover for injuries caused by falling into an unguarded excavation, to aver that he was ignorant of the existence of the excavation. Knowledge is important as a matter of evidence, but it is not necessary to negative its existence where negligence is alleged and the general averment that the plaintiff was without fault is appropriately made. See authorities cited in Elliott on Roads and Streets, notes 1 and 2, p. 470. *Ohio, etc., R. W. Co.* v. *Walker* 113 Ind. 196, and cases cited; *City of Anderson* v. *East,* 117 Ind. 126 (130).

The rule that an employe who sues the employer for injuries sustained because of defective machinery or appliances must aver that he did not have knowledge of the defect, is well established. *Louisville, etc., R. W. Co.* v. *Sandford, Admx.,* 117 Ind. 265, and cases cited; *Louisville, etc., R. W. Co.* v. *Corps,* 124 Ind. 427, and cases cited; *Matchett* v. *Cincinnati, etc., R. W. Co.,* 132 Ind. 334. But this rule has no application to a case such as this, where a person rightfully crossing a public street falls into a ditch or pit wrongully left unguarded by a railway company under a duty to construct a safe crossing.

The trial court permitted the affidavit made in support of the application for a change of venue to be read in evidence over the objection of appellant's counsel. It is undoubtedly a well established rule that an affidavit made in support of an application for a change of venue is not admissible in evidence. *Conaway* v. *Shelton,* 3 Ind. 334; *Farman* v. *Lauman,* 73 Ind. 568 (570); *Paulman* v. *Claycomb,* 75 Ind. 64 (68); *Worley* v. *Moore,* 97 Ind. 15 (21); *School Town of Rochester* v. *Shaw,* 100 Ind. 268 (270); *Carter* v. *Carter,* 101 Ind. 450 (454); *Campbell* v. *Maher,* 105 Ind. 383.

An affidavit for a change of venue is authorized by

law, and the right to a change is not one to be embarrassed or burdened by permitting the adverse party to use the affidavit as an instrument of evidence. It is the duty of a trial judge to exclude from the jury instruments that can not be considered as evidence, and where such instruments go to the jury, over the objection of a party, there is an implied direction to the jury to regard that as evidence which they have no right to consider in any event or for any purpose. In this instance the appellee's counsel were permitted to refer to the affidavit in argument, and thus the error in admitting the affidavit was intensified.

We have examined the case of *Kankakee, etc., R. W. Co.* v. *Horan*, 23 N. E. Rep. 621, but we do not think it applicable here, even if we concede the general doctrine it asserts to be correct. Our opinion is that the true rule is to exclude entirely from the jury all such instruments as affidavits for a change of venue or the like, and that their admission is to be regarded as prejudicial, unless it fully and clearly appears that no harm resulted from the introduction of the incompetent evidence. It can not be said in this case that the erroneous ruling was harmless.

The appellee was permitted to prove by Mr. Cope, who had been the mayor of the city of North Vernon, declarations and admissions made by Mr. Beecher, the general solicitor of the appellant, and of the ruling admitting this testimony complaint is made by appellant's counsel. It seems very clear to us that the legal adviser, or general counsel, of a railway company has no authority, by virtue of his general employment, to bind the company by declarations or admissions outside of the business of the law department, unless it is appropriately shown that he was invested with special or general authority concerning matters outside of the law department, the scope

of his authority is restricted to that department.   Certainly, a natural person engaged in conducting a railway, or any other business, could not be bound by the admissions of a lawyer to whom he had entrusted his legal affairs, and there is no conceivable reason why the same rule should not apply to a corporation.   There is no evidence tending to prove that Mr. Beecher was invested with authority concerning the use and occupancy of the street in which the excavation was made.   In saying this, we are not unmindful of the fact that Mr. Cope testified that he had some correspondence with the officers of the company, but the letters were not given in evidence.   If the letters gave Mr. Beecher authority, they constituted the primary evidence, and ought to have been produced in order to make his declarations competent.   If Mr. Beecher had declared that he had authority in the special matter, his declarations would have been valueless, for an agent's authority can not be established by his declarations.   Mr. Beecher, however, made no such declaration.

It is argued by appellee's counsel that there is such satisfactory evidence of constructive notice that even if there was error in admitting evidence of Mr. Beecher's admissions it was harmlesss.   We can not so regard the testimony.   The declarations of Mr. Beecher were positive and direct, while the other evidence was circumstantial entirely, so that the evidence belonged to radically different classes.   The declarations of Mr. Beecher, if competent at all, proved a positive promise, and was necessarily influential.   It was not cumulative, because it was of an entirely different character from the other evidence.

Judgment reversed, with instructions to award a new trial.

The Ohio and Mississippi Railway Company *v.* Levy.

MILLER, J., did not take any part in the decision of this case.

Filed Dec. 16, 1892.

## ON PETITION FOR A REHEARING.

McCABE, J.—A rehearing is asked in this case, on the ground that the errors on which the judgment was reversed were harmless.

The complaint seeks to recover for personal injuries alleged to have been sustained by appellee in falling into a pit or hole on appellant's right of way where it crosses one of the streets of the city of North Vernon.

The erroneous evidence admitted, over appellant's objection, was the affidavit of appellant, upon which a change of the venue of the cause from Jefferson to Jennings county was granted, and the declarations and admissions of the general solicitor of appellant, concerning the existence of said hole or pit, tending to show, as it is claimed, that the company had knowledge of its existence.

There is no conflict in the evidence as to the existence of the pit; that the appellant kept the way planked up to the pit, and that it had remained there for twenty years, and that when the plank decayed, at least on one occasion, the company put down new plank in such a manner as that a person traveling over that part of the street at night, and in the dark, would be liable to be misled by the plank, in walking thereon in supposed safety, and would step off into the pit.

The evidence, without any conflict, showed that appellee, in company with a companion, was walking over that part of the street where the railroad crossing was, on a dark night, and that while walking on the plank at the crossing mentioned, which plank extended up to the pit, and that while walking slowly, carefully, and cau-

tiously, and without any knowledge that she was nearing the pit, and being unable from the darkness to see it, she fell into it and sustained very serious personal injuries, crippling her for life.

The evidence, aside from that which was incompetent, fully warranted the finding of the jury, and, wholly disregarding the incompetent evidence, the jury could not have been warranted or justified in finding any other way than for the appellee.

It is claimed that the affidavit must have produced a prejudice in the minds of the jury, and therefore influenced their verdict, if not as to which party they would find for, at least in the amount of damage they would assess.

The evidence shows without a conflict that the injury was a painful one, and that it permanently lamed the appellee for life. The amount of damages assessed, $1,-662, was fully justified by the legal, competent evidence. But it is difficult to see how such an affidavit could prejudice the jury. The affidavit was not only incompetent evidence, but the act of the appellee's counsel in offering it, and the court in receiving it, meets with unqualified condemnation. But it is beyond the power of this court to emphasize that condemnation by changing the course of justice. If the illegal evidence is clearly shown not to have harmed the complaining party, the judgment ought not to be reversed. The affidavit had not the slightest bearing or relevancy to the question of the right of recovery or the amount thereof. As the verdict was what it ought to have been under the legitimate evidence, excluding from consideration the affidavit, it appears clearly enough that the error of its admission was harmless, and in such a case, it has often been held that such error can not reverse. *Parker* v. *State*, 8 Blackf. 292; *Manchester* v. *Doddridge*, 3 Ind. 360; *Bush* v. *Seaton*, 4 Ind. 522; *Citizens'*

*State Bank, etc.,* v. *Adams,* 91 Ind. 280; *Rhoads* v. *Jones,* 91 Ind. 380; *Terre Haute, etc., R. R. Co.* v. *Pierce,* 95 Ind. 496; *Aufdencamp* v. *Smith,* 96 Ind. 328; *Forbing* v. *Weber,* 99 Ind. 588; *Sage* v. *Evansville, etc., R. R. Co.,* 134 Ind. 100.

The evidence of the declarations of the general solicitor, as to the existence of the pit, were inadmissible, because they were not binding on the company. But the only bearing it could have was to establish knowledge of the existence of the pit on the part of appellant. The facts already recited are such that the law raises the presumption that the company knew of the existence of the pit.

In *Reed* v. *Northfield,* 13 Pick. 94 (Mass.), the court said: "Notice may be inferred from its notoriety of the defect, and from its continuance for such a length of time as to lead to the presumption that the proper officers of the municipality did in fact know, or with proper vigilance and care, might have known, the fact." 9 Am. and Eng. Ency. Law 405, and authorities there cited; *Pennsylvania Co.* v. *Sears,* 34 N. E. Rep. 15, and the authorities there cited.

The writer is of opinion that a rehearing ought to be granted, but in this opinion the other members of the court do not concur.

The petition is, therefore, overruled.

Filed May 12, 1893.