No. 332.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* LEVY.

From the Jennings Circuit Court.

*E. Barton, H. D. McMullen, W. R. Johnston* and *H. R. McMullen*, for appellant.

*C. A. Korbly, W. O. Ford* and *A. G. Smith*, for appellee.

DAVIS, J.—The appellee was the plaintiff below. He brought this action to recover damages sustained by him on account of injuries which his wife received in consequence of falling into a ditch, which, it is alleged, the appellant negligently maintained adjoining the railroad track in Madison street, in the city of North Vernon. The appellee recovered judgment in the court below, from which appellant prosecutes this appeal.

The wife of appellee has also prosecuted an action to recover the damages sustained by her in the same accident. *Ohio, etc., R. W. Co.* v. *Levy*, 134 Ind. 343.

On the trial of this case, and also on the trial of the case cited, appellee, over appellant's objection, was permitted to prove, by Mr. Cope, formerly mayor of North Vernon, a conversation between himself, during his term of office, and Mr. Beecher, the general solicitor of the road, concerning the ditch in question, in which said attorney stated, in substance, that the company would fix the ditch, which promise was not kept.

The declaration and admission of Mr. Beecher, so proven, tended to establish the fact that appellant was responsible for the alleged negligence, and that the company would remedy the defect.

Counsel for appellee insist that, under the circumstances, the declarations and admissions of the general solicitor were competent. Further, it is urged that the dangerous condition of the ditch, the responsibility of appellant therefor, and all the facts and circumstances constituting the alleged negligence of appellant, were fully proven by other evidence on the trial, and, therefore, it is earnestly urged, if the testimony was improperly admitted, such error was harmless.

The argument of learned counsel is cogent, and whatever our conclusion might otherwise have been, the identical question now under consideration was decided adversely to appellee in the case cited.

The two cases, so far as the question here involved is concerned, are in all respects the same. The record in the wife's case was offered in evidence by appellee on the trial of this case, but was excluded. The record so offered is not in the transcript in this case. Counsel, however, concede, in their briefs, that the two causes of action arise out of the same transaction, and that the question now under consideration grows out of the same conversation. A thorough examination of the records leads the writer to the conclusion that the admission of the evidence in question, when considered in the light of all the other circumstances, if erroneous, was not prejudicial to appellant.

Counsel for appellee say, in their brief: "The plaintiff, Reuben Levy, had no cause of action to recover the expenses to which he was

put, in endeavoring to cure his wife of the injuries which she received, unless she had a cause of action for the same injuries. Her cause of action depended on her freedom from contributory negligence and the defendant's negligence. Her recovery of a judgment established both of these propositions. The defendant had its day in court on both of them. The same evidence to establish them was competent here that was competent there."

With this statement we concur, as applied to the question under discussion. If this conclusion is correct, then, in the state of the record before us, whatever ruling was prejudicial on the trial of the action instituted by the wife, would be likewise prejudicial on the trial of the action by the husband. The statute provides that: "The Appellate Court shall be governed in all things by the law as declared by the Supreme Court of this State, and it shall not, directly, indirectly or by implication, reverse or modify any decision of the Supreme Court of this State." Acts 1893, p. 31, section 3.

There is no basis for discrimination, so far as this question is concerned, between the case instituted by Theresa Levy and the one instituted by Reuben Levy. The cases, in this respect, can not be distinguished. Whether a recovery by a wife for the injuries sustained by her on account of the negligence of the defendant is conclusive against the defendant on the question of such negligence in an action by the husband, to recover for the expenses incurred by him for necessary surgical and medical treatment for her, on account of such injuries, we need not consider or decide, for the reason that the question is not properly presented by the record.

On the authority of the opinion of the Supreme Court in the Theresa Levy case, the judgment of the court below is reversed, with instructions to grant a new trial.

GAVIN, J., did not participate in the decision of this case.

Filed May 25, 1893.