OLFERMANN, *Appellant*, v. THE UNION DEPOT RAILROAD
COMPANY.

### Division One, December 10, 1894.

1. **Practice**: QUESTION OF FACT: VALUE OF TESTIMONY. The value of the testimony of the witnesses, where the evidence is conflicting, is for the jury.

2. ———: EVIDENCE: HARMLESS ERROR. Although objections to questions propounded to a witness are improperly sustained, yet, if from all the evidence it appears that the witness testified fully as to the matters involved in the questions, the error is harmless.

3. **Street Railroad**: NEGLIGENCE: INSTRUCTIONS. In an action against a street railroad company for injuries caused by a fall either in getting on a car or in getting off after it started, the court instructed that negligence could not be presumed but must be proved; that, though the plaintiff was injured in getting on or off defendant's car, such fact alone does not entitled plaintiff to recover but she must prove that she was injured in direct consequence of the negligence of defendant's employees. *Held*, that the instruction was not objectionable on the ground that it told the jury that negligence could not be inferred from circumstances.

4. ———: ———: ———. Where in such case there was evidence which justified the court in submitting the question of plaintiff's negligence in getting off the car as one of fact, it was not error to fail to state what facts, if found to be true, would constitute negligence on her part.

5. ———: ———: ———: WAIVER. Where an instruction given at plaintiff's request submits to the jury the question of plaintiff's due care in getting on a car, she can not complain because the court at defendant's request gave an instruction submitting the same question.

6. Practice: PERSONAL INJURIES: IMPROPER REMARKS OF COUNSEL. Defendant's attorney said to the jury in an action by an elderly woman against a street car company for $10,000 for injuries claimed to have been caused by defendant's negligence, "Here is plaintiff suing for $10,000 for personal injuries, when, if she had lost her life through defendant's negligence, her representatives could only recover $5,000." *Held*, that said remark was improper.

Olfermann v. The Union Depot R'y Co.

7. ——: ——: ——. Where in an action for personal injuries the jury found for defendant, an error in permitting defendant's counsel to make an improper remark to the jury on the measure of damages is harmless.

8. ——: ——: REMARKS OF COUNSEL. There was evidence that plaintiff's hip joint was fractured and the injury was probably of a permanent character considering her advanced age. *Held*, that it was not an abuse of the discretion of the trial court to permit defendant's attorney to say to the jury, "Is not the fact that plaintiff demands $10,000 for a comparatively slight injury, evidence of an attempt to make a large sum of money out of a comparatively trivial injury?"

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Henry Kortjohn* for appellant.

(1) The supreme court will reverse a judgment based on evidence so improbable, as to necessarily lead to the conclusion that the verdict was the result of passion or prejudice. *Spohn v. Railroad*, 87 Mo. 74; *Garritt v. Greenwell*, 92 Mo. 120; *Whitsett v. Ransom*, 79 Mo. 258. (2) Instructions are erroneous which leave it to the jury to find, in a general way, what constitutes negligence. *Goodwin v. Railroad*, 75 Mo. 73; *Ravenscroft v. Railroad*, 27 Mo. App. 617. (3) Negligence may be presumed and in most cases must be presumed from facts and circumstances. *Buesching v. Gaslight Co.*, 73 Mo. 219; *Keim v. Railroad*, 90 Mo. 314; *Rine v. Railroad*, 100 Mo. 228; *Hudson v. Railroad*, 32 Mo. App. 667; *Hill v. Scott*, 38 Mo. App. 370; *Kearney v. Railroad*, L. R. 6 Q. B. 759; Thompson on Negligence, p. 1220. (4) A judgment will be reversed for improper remarks of counsel, unless the trial court, upon objection being made, rebukes the counsel making them. *Gibson v. Zeibig*, 24 Mo. 65; *McDonald v. Hainds*, 45 Mo. App. 66.

*G. A. Finkelnburg* for respondent.

(1) The supreme court will not review the facts for the purpose of weighing the evidence or for the purpose of passing on the mere preponderance of the testimony. (2) Defendant's second instruction was proper. The words "negligence of her own" are not a technical expression and need no definition. In the absence of a request on the part of plaintiff to have them further defined to the jury, it was not the duty of the court to do so. And a failure to do so would in no event constitute reversible error. *Browning v. Railroad*, 27 S. W. Rep. 644; *Johnson v. Railroad*, 96 Mo. 341; *Tetherow v. Railroad*, 98 Mo. 74; *Railroad v. Nell*, 26 S. W. Rep. 1004. And see Thompson on Trials as to general instructions on contributory negligence, volume 2, page 1252. (3) Defendant's first instruction does not imply, as counsel for plaintiff erroneously assumes, that negligence can not be inferred from facts and circumstances; it simply tells the jury that negligence is not to be presumed merely because an accident has occurred and because plaintiff was hurt upon defendant's railway—that it must be proved like any other fact—the character or kind of evidence is not mentioned. (4) The language of defendant's counsel to the jury complained of as wrong, if improper, does not constitute reversible error. *State v. Zumbunson*, 86 Mo. 111; *State v. Stark*, 72 Mo. 37; *State v. Emory*, 79 Mo. 461; *State v. Brooks*, 92 Mo. 542; *State v. McNamara*, 100 Mo. 100; *State v. Musick*, 101 Mo. 361; Thompson on Trials, sec. 984, note 3. The judgment will not be reversed where it is for the right party. *Nelson v. Foster*, 66 Mo. 381; *Noble v. Blount*, 77 Mo. 235; *Sinclair v. Bradley*, 51 Mo. 180; *Dunbar v. Weightman*, 51 Mo. 432; *Jackson v. Magruder*, 51 Mo. 55.

BLACK, P. J.—This is an appeal prosecuted by the plaintiff from a verdict and judgment·in an action for personal injuries sustained by the plaintiff while she was either getting on or off the defendant's street cars operated by electricity.

According to the evidence of the plaintiff, she and another lady, Mrs. Fricke, were on the east side of the street on which the plaintiff operates its cars. They saw a train composed of two cars coming, and the plaintiff signaled the motorman to stop. The train stopped after it passed a street crossing. She and her friend passed behind the train to the west side of the street, so as to get on the rear car from the west side, that being the only side from which they could enter the car. She says the car started just as she got one foot on the lower step and threw her down on the ground, inflicting the injuries of which she complains. Her account of the accident is supported by the evidence of Mrs. Fricke, though the latter made a written statement, at the request of the agents of defendant, shortly after the accident, which differs in some respects from her evidence given on the trial. They are both German women, advanced in years, and do not converse well in the English language, and this may account for the seeming conflicting statements of Mrs. Fricke.

The defendant produced three witnesses who were passengers on the same train. Two of them were standing on the rear platform of the rear car and were in a position to see what transpired. One of these witnesses testified that he saw the two women start towards the car, that plaintiff got on the step and from that to the platform. He says she then stepped back and jumped off after the train started, because she did not want to leave her companion, as he supposes.

The other of these witnesses testified that he saw the two women standing over on the street corner. One of them came across and got on the rear platform where he was standing, and was about to enter the car. She then looked back to the other one and said something in German and made a motion to come on. The other woman shook her head. Plaintiff then turned around and jumped off. He says the car had started at this time, and he thinks had moved eighty or ninety feet. The conductor of the train says he was on the outside of the motor car, standing on the west side, that he stopped his train for passengers to get off, that he saw the plaintiff get up on the steps and he waited until she got up on the platform out of his view.

1. Counsel for plaintiff insists that the verdict is against the evidence and should be set aside for that reason; and in this connection he insists the evidence of the defendant's witnesses can not be true. The value of this testimony was a question for the jury to determine. This court can not deal with such questions when the evidence is conflicting, as it is here. The foregoing recital of the evidence is sufficient to show that the objection is not well taken. Indeed the verdict seems to be well supported.

2. During the examination of the plaintiff, she was asked these questions: "When you hailed the car did you stop on the sidewalk or did you continue walking until you got near the car?" "What did you mean by saying before, that you went in the car?" The defendant objected to these questions; to the first because leading, to the second because it called upon the witness to interpret what she had said, both of which objections were sustained.

The witness, in testifying through the medium of an interpreter, used language on several occasions,

which evidently did not express what she desired to say. Under these circumstances the first objection might well have been overruled, for it is sometimes necessary to ask questions more or less leading, and we think the rule on this subject might have been relaxed as to this witness. The objection to the second question was not well taken and should have been overruled; for the witness had a right to explain what she meant by her answer to the former question. But upon an examination of all of her evidence she testified as to these matters to the fullest extent, and this being so, the plaintiff has no ground of complaint.

3. For the plaintiff, the court gave an instruction which, after reciting some matters now immaterial, concludes: "And that in attempting to board said car, she used such diligence and exercised such care for her own safety as an ordinarily careful person would use under similar circumstances, and that said train of the defendant was set in motion by the servants of the defendant, before she could by the exercise of reasonable care and diligence on her part reach a place of safety on said car, and that by reason thereof she was thrown on the street and injured, then the jury will find for the plaintiff."

The court at the request of the defendant gave the following instructions:

"1. The court hereby instructs you that the ground of plaintiff's suit against this defendant is negligence, and that negligence can not be presumed, but must be established by plaintiff to your satisfaction by proof: Therefore, although you find that the plaintiff was injured in endeavoring to get on or off of defendant's cars, yet that fact alone does not entitle the plaintiff to recover in this action, but before plaintiff can recover she is bound to prove to your satisfaction that she sustained the injury complained of in

direct consequence of the negligence of the defendant's employees in charge of the car, and, unless the plaintiff has so proven, your verdict must be for the defendant.

"2. If you find from the evidence that the direct cause of plaintiff's fall upon the street was negligence of her own, either in the manner of boarding the car or in trying to step off the train after it had started and while the same was in motion, and that her fall was not due to negligence on the part of defendant's employees, then your verdict should be for the defendant."

If the first of these instructions, given at the request of the defendant, told the jury, in effect, that negligence could not be inferred from the circumstances, as is contended by the plaintiff, then it was error to give it; but it is not open to such construction. It does not say negligence can not be inferred from circumstances. It simply says negligence can not be presumed, but must be proved; that is to say, proved like any other issue of fact. It permits the plaintiff to show negligence on the part of the defendant by any competent evidence.

Nor is this instruction objectionable because it says the sole fact that plaintiff was injured while endeavoring to get on or off the car, does not entitle her to recover. The question of negligence is still left as one for the jury to determine on all the evidence. There are cases where it is sufficient, to make out a *prima facie* case, to show the relation existing between the parties, the situation of the plaintiff, and that plaintiff was injured. 2 Thompson on Negligence, page 1227. But it can not be said this case comes within that class. So, in many cases the proof, which discloses loss or injury, will at the same time disclose attending circumstances from which negligence may be inferred. *Witting v. Railroad,* 101 Mo. 631; *Otis Co. v. Railroad,* 112 Mo.

632.   But this instruction does not exclude the attending circumstances; nor does it say evidence of that character will not support a verdict for plaintiff.

The further objection is made to the defendant's first and second instructions, that they do not inform the jury what will constitute negligence.   The objection we are now to consider is not that these instructions fail to define negligence by saying it is that want of care which a prudent person would use under like circumstances, but the objection is this, that the instructions do not say what facts, if found to be true, will constitute negligence.   There are cases where it is proper for the court to instruct the jury that certain facts constitute negligence or contributory negligence, as the case may be, thus making the question of negligence one of law rather than one of fact.   But, in general, the question is one of fact, to be determined by the jury under all the evidence.   In this case the court might well have told the jury, that if the plaintiff, after getting on the car platform in a place of safety and after the train had started, turned around and jumped off and thereby received the injuries of which she complains, then she could not recover.   There was, however, also evidence in the case which justified the court in submitting the question of negligence on her part in getting off as one of fact.   The plaintiff's instruction, it is to be observed, submits the question of negligence on her part in getting on, as one of fact, and not of law.

The second instruction is faulty, it is argued, because it allows the jury to find negligence on the part of the plaintiff "in the manner of boarding the car," when there was no evidence of negligence on her part in that respect.   But a sufficient answer to this objection is, that plaintiff caused the court to submit this very question to the jury by the instruction given at

her request. The question of due care on her part in getting on the car having been submitted to the jury at her request, she can not complain because the defendant adopted the same theory, namely, that there was some evidence of want of due care on her part in getting on the car.

If we take all the instructions together, including the third given at the request of the defendant, and as to which no objection was made, they submit fairly the two issues in the case, that is to say, whether the plaintiff was injured in getting on the train because it started before she had time to get on in safety, or whether she was injured because she jumped off the train after she had reached a place of safety and after the train had started. As these two issues were fairly and fully submitted we can not see that the plaintiff has any just ground of complaint. The second instruction given at the request of the defendant might well have been omitted, but with the third given it could not have operated to the prejudice of the plaintiff.

4. Counsel for defendant in discussing the question as to the amount of damages to be allowed, if the jury should find for the plaintiff, said: "Here is the plaintiff suing for $10,000 for personal injuries, when, if she had lost her life through the negligence of the defendant, her representatives could only recover $5,000." Counsel for plaintiff objected to these remarks. The court instead of administering a rebuke said, "Go on. He has a right to allude to this, because such is the law." Counsel for defendant continuing said: "Is not the fact that the plaintiff demands $10,000 in this case for a comparatively slight injury, evidence of an attempt on her part to make a large sum of money out of a comparatively trivial injury? I refer to it because you have got to weigh the testimony in this case, and Mrs. Olfermann's objects and connection with this suit,

and the position she has taken with reference to it, weighs in the scale.''

The statute in giving to the representatives of a deceased person a cause of action where they had none before, limits the recovery to $5,000, but the limit placed upon the amount of recovery in such cases has nothing whatever to do with the measure of damages in a common law action like this. The court erred in approving the reference made to this statutory measure of damages. But the error is immaterial here, because the remark related to nothing but the measure of damages, and the jury found the plaintiff was not entitled to recover in any amount. With this finding we can not see how the plaintiff was prejudiced. It would be useless to send the case back because of such an error, the jury having found on proper instructions that plaintiff ought not to recover in any sum.

The other alleged improper remarks have some bearing on the weight to be given to the evidence of the plaintiff. They can not, therefore, be disposed of on the ground just stated. According to the evidence of the physician, the plaintiff received a fracture of the hip joint. She still used crutches at the date of the trial, and the injury is probably of a permanent character, considering her age. Though the injury was serious, still the claim for $10,000 damages has some appearance of being exorbitant. If the jury believed that she was prosecuting an exorbitant claim, then they had a right to consider that fact in determining what weight they would give to her evidence. The extent to which counsel may go in argument to the jury, in matters like this, must be left to a large extent to the discretion of the trial court. We can not say there was any abuse of that discretion so far as the

remarks now under consideration are concerned. There is no such error in this record as to justify a reversal, and the judgment is therefore affirmed.    All concur.