Merryman v. Shanks.

J. C. MERRYMAN et al., Appellants, v. G. W. SHANKS et al., Respondents.

St. Louis Court of Appeals, January 24, 1899.

Practice, Trial: EXCEPTIONS. In the case at bar, the failure of plaintiffs to except to the action of the trial court in overruling their motion for a new trial, rendered the bill of exceptions nugatory.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

W. E. MORROW for appellants.

The defendants' motion to dismiss and dissolve the attachment should not have been sustained. R. S. 1889, sec.

6347; Heman v. Fanning, 33 Mo. App. 50; Butts v. Phelps, 79 Mo. 302. It was not necessary in this case for plaintiffs to amend statement in the circuit court. The filing of a statement of facts constituting the cause of action before process is issued is directory merely, and at most did not prevent defendants from waiving the filing of such statement. Sublett v. Noland, 5 Mo. 519; Webb v. Robertson, 74 Mo. 380. Defendants' acts should be held to have that effect in this case. Their partial payments of the account on which the action was commenced, their appearances, consents, agreements, continuances, trials and appeals, are such acts as amount to a waiver by defendants of the filing of any formal account other than that contained in plaintiffs' affidavit for attachment. Wathen v. Farr, 8 Mo. 324; Parmerlee v. Williams, 71 Mo. 410; Bank v. Hammerslough, 72 Mo. 274; Webb v. Robertson, 74 Mo. 380. On October 21, 1897, the next day after the court sustained defendants' motion to dismiss the attachment, plaintiffs filed their motion for a new trial, assigning as one of the reasons therefore that the court erred in not permitting plaintiffs to amend their statement. Thus the attention of the trial court was called again to the willingness on the part of plaintiffs to amend their statement if same was bad, before the cause passed out of his court. Even if plaintiffs' statement is bad, this cause should be remanded with instructions that plaintiffs be permitted to amend their statement, even if they had not offered to amend same in circuit court. Butts v. Phelps, 79 Mo. 302.

GREEN & GARNETT for respondents.

The paper filed was wholly insufficient and no "statement of the account or of the facts constituting the cause of action upon which the suit is founded," which is required by the statutes "before any process shall issue." R. S. 1889,

sec. 6138. "It has been uniformly held by this and the su-preme court that a statement of a cause of action or account filed before a justice of the peace should be sufficiently defi-nite to advise the opposite party with what he is charged and to bar another action." Doggett v. Blanke, 70 Mo. App. 499; Lean v. Pacific Express Co., 45 Mo. App. 598; Hill v. St. Louis Ore & Steel Co., 90 Mo. 103; Nutter v. Houston, 32 Mo. App. 451, and cases cited. Even if the appellant had offered to amend, under the most liberal construction of the section, 6347, Revised Statutes 1889, it has never been claimed that an amendment would be allowed, when abso-lutely no cause of action was stated. In fact it is expresly held that "there are but two limitations upon the power of amendment possessed by the circuit court in civil cases ap-pealed from justices of the peace. One is, where no state-ment was filed before the justice, or when the statement which was filed is so radically defective as to mean nothing so that it is equivalent to no statement. In either of these cases there could be no amendment in the circuit court be-cause there is nothing to amend." Language of Judge Thompson, in case of Dowdy v. Womble, 41 Mo. App. 573, at page 583, and adopted by the supreme court in same case in 110 Mo. 280; Dalhgren v. Yocum, 44 Mo. App. 277; Lamb v. Bush, 49 Mo. App. 337. The appeal in this case should be dismissed because the record does not show that the motion for new trial was filed within four days and does not show that appellant excepted to the action of the court in overruling motion for new trial. In case of State ex rel. v. Garther, 77 Mo. 304, the court says: "It is also settled by the decisions of this court that the action of the trial court on the motions for a new trial is a matter of exceptions and not of error, and it is accordingly held, that when the bill of exceptions fails to show that the action of the court in overruling the motion for a new trial was excepted to, this court will not review such action of the trial court." Citing Hart v. Walker, 31 Mo. 26; Bakison v. Clark, 37 Mo.

34; State v. Marshall, 36 Mo. 403; Duke v. Houston, 23 Mo. App. 211; Ryan v. Growney, 125 Mo. 474.

BOND, J.—This suit was begun before a justice by attachment to recover an alleged balance of $143. On the trial there the plaintiffs had judgment on a plea in abatement filed by defendants, as well as on the merits. Defendants appealed to the circuit court, and there moved to dissolve the attachment and dismiss the suit for failure of appellants to file a statement of their cause of action in the justice's court. The motion was sustained, to which ruling plaintiffs excepted at the time. They also filed a motion for new trial, which was overruled, to which ruling plaintiffs did not except. Their failure in this respect rendered the bill of exceptions nugatory. Ryan v. Growney, 125 Mo. 474. Hence there is nothing before us for review except the record proper. As this shows no error in the judgment of the lower court, it will be affirmed. All concur.