## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* LOCKE.

[No. 9,856.   Filed June 27, 1919.]

1.  PLEADING.—*Complaint.*—*Amending to Conform to Evidence.*— The fact that the issues are changed by an amendment of the complaint to make it conform to the evidence is no reason why the amendment should not be permitted.   p. 39.

2.  CONTINUANCE.—*Grounds.*—*Amendment to Complaint.*—In a passenger's action against a railroad company for injuries sustained by the derailment of a train, where the complaint charged that the engine and cars were defective and insufficient in certain particulars unknown to plaintiff, so that they were liable to derailment, an amendment to the complaint, made to make it conform to the evidence, alleging that one car was of unusual height and size, and was stiff and new, and was thereby liable to derailment, did not bring a new charge of negligence, its only effect being to make the complaint more specific, so that it was not error to overrule a motion for a continuance on account of the amendment.   p. 39.

3.  APPEAL.—*Review.*—*Harmless Error.*—*Misconduct of Counsel.*— In an action for personal injuries, statements by plaintiff's counsel, in his argument to the jury, that plaintiff should not be given a low verdict, less than he was entitled to, with the idea that defendant would not appeal, as the case would be appealed anyhow, whatever the verdict might be, were improper, and it was error for the trial court to overrule an objection thereto, but, as the effect of such statements was to increase the amount of damages assessed, and appellant, although specifying excessive damages as a ground for new trial, failed to present that question in his brief, indicating that it had no objection to the amount of the award, the error will be deemed harmless.   p. 40.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Leslie R. Locke against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank L. Littleton, Forkner & Forkner* and *John L. Rupe,* for appellant.

*A. R. Feemster* and *John F. Robbins,* for appellee.

McMahan, J.—This is an action by appellee against appellant to recover for personal injuries sustained by appellee while he was a passenger on one of appellant's trains. The complaint was in two paragraphs. The first of these, after alleging that appellant owned and operated a line of railroad for the purpose of carrying passengers and freight, and that appellee became a passenger on one of appellant's trains, alleged that, while he was being carried as such passenger by appellant, the car in which he was riding became derailed, and that by reason thereof he was injured. It is charged and alleged that the portion of the track where the derailment occurred was defective; that the ties were rotten and unfit for use; that the rails were improperly laid and insecurely fastened to the ties, so that the rails were liable to spread and be pushed from their proper place, and thereby permit the train to be thrown from the track; that appellant negligently ran and operated said train along and over said defective and unsafe portion of said track at a high and dangerous rate of speed, and that, by reason of said defective and unsafe condition of the track and the operation of said train at said high rate of speed, the car in which appellee was riding was derailed, and that appellee was thereby injured, without fault or negligence on his part.

The second paragraph of complaint, before being amended as hereinafter stated, was about the same as the first, save that the negligence charged in this paragraph was in substance that the track was im-

properly and insecurely placed, laid and constructed, was defective and unfit for use in respects which plaintiff was unable to specify. That the engine and cars were defective and insufficient in certain respects to plaintiff unknown, so he could not more fully specify, and by reason thereof were unfit to be run and operated over such defective track at even a moderate rate of speed, because such train was liable at all times to be derailed, and that the defendant ran its train at a dangerous rate of speed, and, by reason of such defective condition of the track and of the engine and cars, the cars were thereby derailed, and the plaintiff was injured.

Demurrers for want of facts were filed and overruled as to each of these paragraphs. An answer of general denial being filed, the cause was submitted to a jury for trial. After appellee had introduced all his evidence, the appellant's witnesses had testified that where the derailment occurred the ties and track were in good condition; that the first car derailed was a car immediately in front of the caboose in which appellee was riding (the train being a freight train); that this car was a large, new automobile car, and empty, not belonging to appellant, but being transported by it to be loaded at a station on appellant's line; that this car was in good condition, but, being new, was stiff and liable to be derailed in going around a curve.

After all the evidence had been thus introduced as to the cause of the accident, appellee asked leave to amend his complaint by inserting therein that the track was "rough and uneven," and "that one of the cars of said train was of great and unusual height and size, and was stiff and new, and was of

such construction, proportions and dimensions as that when being run over said rough and uneven, defective, and unfit portion of said defendant's track said car was at all times liable to be caused thereby to rock and sway violently from side to side and to be thereby derailed, and was by reason thereof unfit for use in said train," and also by alleging that said accident and injury to appellee were caused by reason of said height, size, construction, proportions, dimensions, newness and stiffness of said one car of the train as aforesaid.

The court, over the objection and exception of appellant, permitted the amendments to be made for the purpose of making the complaint conform to the evidence given in the cause. An amended second paragraph of complaint was then filed, and appellant filed its verified motion for a continuance on the ground of surprise, and stating that, if a continuance was granted, it could and would produce evidence that it was not negligence to run said car in said train. This motion was overruled, and appellant filed a motion to strike out said amendments, which was also overruled, as was a demurrer for want of facts, an exception being saved by appellant to each adverse ruling. A general denial was filed to the amended second paragraph of complaint, and the trial proceeded, resulting in a verdict and judgment against appellant.

Appellant filed a motion for a new trial, the reasons therefor being that the verdict is not sustained by sufficient evidence, that it is contrary to law, that the damages awarded were excessive, that there was irregularity on the part of the court in allowing appellee to amend the second paragraph of complaint,

the overruling of the motion for a continuance, misconduct of counsel, errors in giving and refusing to give instructions, and errors in the admission and refusal to admit evidence.

The errors assigned in this court and not waived are that the court erred in permitting appellee to amend his complaint, in overruling the motion for a continuance, and in the overruling of the motion for a new trial.

Appellant contends that the court erred in permitting appellee to amend his complaint to correspond with the evidence which had been introduced for the reason that such amendment changed the issues by bringing in a new charge of negligence. We do not understand that the fact that the issues were changed by the amendment is a reason why the amendment should not be made. If the issues were not changed, there would be no reason for making the amendment. Indeed, we are of the opinion that the amendment was wholly unnecessary, and that its only effect was to make the allegations of the second paragraph of complaint more specific. It will be observed that the said second paragraph, before being amended, alleged that the track was "improperly and insecurely placed, laid and constructed, and defective, unsafe, and unfit for use in certain respects not more definitely known to the plaintiff, and which for this reason cannot be more fully specified and set forth; that the engine and cars of said train in which plaintiff was so riding were at that *time defective* and *insufficient in certain respects and particulars to the plaintiff unknown* and which, for that reason, cannot be more fully specified and set forth herein, *and that the*

*same by reason thereof were unfit to be run and operated over and along said defective portion of defendant's said track, that by reason of said defective and unfit condition of said engine and cars, the plaintiff alleges that it was dangerous to run and operate said train rapidly, or even at a moderate rate of speed along and over said defective portion of said track,* for that, as this plaintiff alleges, said train was liable at all times by reason thereof, when being so run and operated, to be caused thereby to be derailed and thrown from said track to the injury and damage of persons riding thereon.''

There was no error in overruling the motion for a continuance, as all of the evidence could have been introduced under the allegations in the complaint prior to the amendment, and a recovery had thereon, without the amendments having been made.

The first, second and third specifications in appellant's motion for a new trial also relate to the action of the court in permitting appellee to amend the second paragraph of complaint, and in overruling appellant's motion for a continuance. Having already decided that the court committed no error in regard to these matters, we need give them no further consideration.

The next contention is that appellee's attorney was guilty of misconduct while making the closing argument to the jury. It appears that, during the course of his argument, the attorney for appellee said to the jury: ''Gentlemen, I don't want to get into your heads any idea of giving this man a low verdict, less than he is entitled to with the idea that this company will not appeal,'' and upon objection being made by appellant to the statement;

appellee's counsel repeated: "I repeat, I don't want you to get it into your heads to give this man a low verdict, less than he is entitled to, with the idea that this company will not appeal. This case will be appealed anyhow, whatever your verdict may be." Whereupon appellant objected to the statements to the jury as misconduct of counsel, and moved to withdraw the case from the jury on account thereof, whereupon the court, in the presence of the jury, said: "The objections and motion will be overruled; I think the argument is proper," to which ruling and action of the court appellant excepted.

These remarks of counsel were improper, and were rendered doubly so by the action of the trial court in approving them. The tendency of such statements, and doubtless the purpose in making them, was to induce the jury to return a verdict for a larger amount than they otherwise would do. One of the specifications in the motion for a new trial is that the damages awarded are excessive, but appellant has wholly failed to present that question, and we are therefore justified in assuming that the damages assessed are not excessive, and that appellant has no objection to the amount of the award. That being true, the statements of counsel were harmless. We do not want to be understood as approving the statements of counsel, nor as holding that such statements, when deliberately made, as they were in this case, and approved by the trial court, do not constitute such misconduct of counsel as to be reversible error. We would not hesitate to reverse this case on account of such misconduct were it not for the fact that appellant is seemingly content with the amount of the verdict. There are other remarks of counsel

which appellant contends amount to such misconduct as to be reversible error, but we think otherwise. As to misconduct of counsel see *Carter* v. *Carter* (1885), 101 Ind. 450; *School Town, etc. v. Shaw* (1885), 100 Ind. 268; *Rudolph* v. *Landwerlen* (1883), 92 Ind. 34; *Holliday & Wyon Co.* v. *O'Donnell* (1913), 54 Ind. App. 95, 101 N. E. 642; *Pittsburgh, etc., R. Co.* v. *Campbell* (1904), 116 Ill. App. 356; *L. H. & St. L. R. Co.* v. *Morgan* (1901), 110 Ky. 740, 62 S. W. 736; *Mount* v. *Commonwealth* (1905), 120 Ky. 398, 86 S. W. 707, 27 Ky. Law Rep. 788; *Louisville, etc., R. Co.* v. *Pointer, Admr.* (1902), 113 Ky. 952, 69 S. W. 1108, 24 Ky. Law Rep. 772; *Olfermann* v. *Union Depot R. Co.* (1894), 125 Mo. 408, 28 S. W. 742, 46 Am. St. 483; *Martin* v. *State* (1886), 63 Miss. 505, 56 Am. Rep. 812, note; *McDonald* v. *People* (1888), 126 Ill. 150, 18 N. E. 817, 9 Am. St. 547, note.

Complaint is made relative to the refusal of the court to give instructions Nos. 2 and 5 requested by appellant. No. 2 related to the proof required before a recovery could be had on the second paragraph of complaint, and was not applicable to such paragraph after the same was amended. No. 5 is fully covered by No. 16, given by the court.

Objection is made to instructions Nos. 2, 3, 5 and 10 as given, in that the court unduly emphasized and repeated certain rules of law, but, after a careful consideration of these instructions, we do not find them open to the objection urged against them.

No. 6 is not open to the objection urged. The objection to No. 8 is that it was error to allow the amendment to be made to the second paragraph of complaint, and that it was therefore error to give this instruction. We hold otherwise.

Complaint is made concerning certain parts of appellee's testimony, but we see no particular objection to the same. It further appears that appellant when cross-examining appellee's wife elicited the same facts from her.

We have examined the other contentions relative to the admission and exclusion of evidence, but find no reversible error. Judgment affirmed.