IN RE HADLEY.

[No. 23,750. Filed October 4, 1921.]

1. APPEAL.—Admission to Practice Law.—Record.—Evidence.—Presumptions.—In a proceeding for admission to practice law where the record on appeal from an order overruling petitioner's motion to set aside an adverse order and finding, consisted only of three affidavits filed with the petition for admis-

sion and is silent as to whether or not other affidavits or oral evidence was presented to the trial court, it will be presumed on appeal that other evidence may have been presented and considered in arriving at the conclusion.   p. 106.

2.   TRAL. — *Ex parte Affidavits.* — *Evidence.* — *Sufficiency.* — In interlocutory or preliminary matters, *ex parte* affidavits are received as evidence, but are not received as undisputed evidence of the facts necessary for the foundation of final order or judgment in a matter subject to dispute, nor in *ex parte* proceedings except there be no opposition.   p. 106.

3.   APPEAL.—*Review.—Evidence.—Scope of Review.—Statements of Evidence in Briefs.*—In a proceeding for admission to practice law where the record on appeal from an adverse order and finding consisted only of three affidavits filed with the petition, which were insufficient to show the competency of affiants as to their citizenship, residence and age, *held* the appellate court will not consider mere statements in appellant's brief as to the competency of such affiants, not in evidence—or if in evidence, not in the record by a bill of exceptions.   p. 106.

From Vigo Circuit Court; *Charles L. Pulliam,* Judge.

Ex parte proceeding by Thomas A. Hadley for admission to practice law.   From a judgment overruling petitioner's motion to set aside adverse order and finding, he appeals.   *Affirmed.*

*J. F. Fix,* for appellant.

*Cooper, Royse, Bogart & Gambill, Amicus Curiae* Attorneys.

TRAVIS, J.—This is a proceeding, under §21, Art. 7, of the Constitution of the State of Indiana, and §997 Burns 1914, §962 R. S. 1881, for admission to practice law at the bar of the Vigo Circuit Court, and was instituted by the appellant, as petitioner, by a written petition.

The finding and order of the trial court, which was against the appellant, was not objected to and no exception was taken to the ruling.   There was not a motion for a new trial.   Appellant made a motion "to set aside

its order and finding on his petition," which was over-ruled by the court, to which appellant excepted and from this ruling this appeal was taken. This ruling was assigned as error, which will be considered, the two other errors assigned being improper.

The evidence presented by the record on appeal consists of three affidavits, which were filed in the trial court with the petition, and were made a part of the record by an order of court at the request of appellant. The record as presented by the transcript is silent as to whether or not other affidavits were presented to the court and as to whether or not oral evidence was presented and considered by the court. And it may be presumed, in fairness to the trial court, that other evidence may have been presented, and that it was considered in arriving at the conclusion, upon which the order was based.

Appellant rests his case upon the exception to the rule that the appellate tribunal will not weigh the evidence, except in the case where all the evidence is documentary and conclusive.

As to interlocutory or preliminary matters *ex parte* affidavits are received by courts of this state as evidence, usually by authority of statute; but they are not to be received as undisputed evidence of the facts necessary for the foundation of a final order or judgment in a matter subject to dispute, even in an *ex parte* proceeding except there be no opposition. 2 C. J. 372; *Ohio, etc., R. Co.* v. *Levy* (1893), 134 Ind. 343, 32 N. E. 815, 34 N. E. 20.

The affidavits were not clear, and, further, the affiants were not qualified as to their competency, in that nothing was disclosed as to their being citizens or aliens, residents or nonresidents, infants or adults. The affidavits were so drawn that it might be inferred that the facts necessary to uphold a

judgment in favor of the appellant related to affiant instead of to the petitioner.

Appellant, in his brief, made the point that the affiant, as to one, was "a clean, honest upright citizen," which, "should be ample proof;" as to another, that he "is a business man and resides in Terre Haute, and is a president" of a bank, and "was for a number of years county auditor;" and as to the third affiant, "he is one of the able and leading lawyers at the Vigo bar."

This is the first intimation of the identity of the affiants, which this court cannot consider and base a conclusion to overthrow the order of the trial court. These statements in the brief, not in evidence—or if introduced in evidence, are not in the record by a bill of exceptions—only admit the halt condition of the case as presented upon appeal and as presented to the trial court.

Because this case is decided upon the question of the evidence, the right of *amicus curiae* to intervene and file a brief in opposition, and the report of the committee of attorneys appointed by the trial court, are not considered.

The order and finding complained of is sustained. Judgment affirmed.

Myers, J., absent.