ALFRED B. DAVIS *v.* W. O. WATTS.

**Estimating Value of Services—Rule.**
    When courts or jurors are called upon to estimate values they may do so from their personal and private knowledge of such values.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 13, 1876.

OPINION BY JUDGE COFER:

After a careful examination of the evidence, including the records of the proceedings in the federal court, we are of the opinion that the judgment appealed from is for too much. The cases were

not of a character to render any great amount of labor necessary, and the evidence fails to show that any considerable amount was performed.

There was no argument before court or jury. The cases were not of a character to require any great amount of study or investigation of authorities, or to require a high order of professional attainments or skill. The appellee was evidently watchful, vigilant and solicitous to protect his client; he did considerable work, but it was not, in our opinion, worth the amount he will get for it if the judgment is permitted to stand. He did nothing after the trials. The introduction of evidence before the judge with a view to procure from him a certificate of the facts to be laid before the secretary of the treasury, as the basis for a remission of the forfeiture, was after the trials, and was conducted by Messrs. Speed and Marshall, and occupied a part of two days, and it was upon the certificate made by the judge after hearing that evidence that the order of remission was based.

The service thus rendered by them after the appellee ceased to do anything in the matter was certainly equal to the services rendered by the appellee before they were employed, and each of those gentlemen deserved to have as large a fee as the appellee. General Marshall charged $400, and Mr. Speed would have charged $500 if he had made any charge at all, but he made none, and the charges made by General Marshall and the appellee are the only ones made in the case that can furnish any criterion of the value of the services rendered.

The average estimate made by the witnesses is above General Marshall's charge, though some of them are below it. If the subject was one of which the court was entirely ignorant we should be inclined to adopt the average, but when courts or jurors are called upon to estimate values they may do so from their personal and private knowledge of such value. The value of an attorney's services in a particular case cannot be ascertained like the value of an article of merchandise which has a market price, but must be ascertained from the opinions of other attorneys, and the evidence shows that such opinions are quite variable, the maximum estimate being $1,200 and the minimum $350.

The members of this court have been practising attorneys, and cannot but have opinions as to the value of legal services when the facts respecting the services are before them, and considering the fact that there were three attorneys in the cases, the character of the

cases, and the amount of labor performed, and giving due weight to the opinion of the winesses who testified as experts, we are all of the opinion that $400 was as much as the appellee was entitled to, and that should have been credited by the sum of $75 admitted to have been paid.

Our own estimate, without any evidence as to the value of the services, would have been much lower. We should have deemed $250 for each of the three attorneys liberal compensation. The appellant's undertaking was to pay just and reasonable fees, a fair equivalent for the services rendered. He was under no obligation to pay the appellee as if he had attended to the cases without assistance. He had a right to employ other counsel, and pay them for it, and was only bound to pay the appellee for what he did, and we think he will be amply paid when he gets four hundred dollars.

Judgment *reversed,* and cause remanded with directions to render judgment for $400 with interest from the filing of the cross-petition, subject to a credit of $75, as of that date.

*A. T. Pope, R. H. Blain, for appellant.*
*Young & Boyle, for appellee.*