CASE 84—ACTION AGAINST CARRIER FOR LOSS OF GOODS—
JAN. 13.

| 107 | 523 |
| 120 | 736 |
| 120 | 738 |

## Farley, Etc. v. Lavary.

APPEAL FROM FAYETTE CIRCUIT COURT.

COMMON CARRIERS—OWNERS OF LICENSED VEHICLES.—One who owns a line of licensed vehicles by which he undertakes to transport merchandise from one part of the city to another for the public generally is a common carrier; and when he contracts to transport goods to a neighboring city his liability is that of a carrier who has undertaken without restriction to carry beyond his line.

WEBB & FARRELL FOR APPELLANT.

On the definition of common carriers and its limitations: Hutchinson on Carriers, secs. 44, 56b; 4 Harr., 448; 1 Pickering,

50; 2 Kelley, 353; Funnel v. Pettijohn, 2 Harrington, 48; Honey-
man v. Oregon & Cal. R. R. Co., 13 Ore., 352; R. R. Co. v. Lock-
wood, 17 Wall., 357; Dickson v. Gt. North. Ry. Co., 18 Q. B.
Div., 176.

GEO. S. SHANKLIN for appellee.

On common carriers: Hall & Co. v. Renfro, 3 Met., 51; Lee,
&c., v. Burgess & Graham, 9 Bush, 652; Hutchinson on Carriers
(2d ed.), sec. 47; 2d. Parsons on Contracts, p. 163; 2d. Kent's
Com., p. 598; Story on Bailments, 495; Wright v. Brewster, 1
Pick., 50.

JUDGE WHITE delivered the opinion of the court.

This action was brought by appellee for damages for
the destruction of certain household goods. The allega-
tions of the petition are that appellant, doing business
as the Farley Transfer Company, contracted, for hire, to
carry these household goods from Lexington to Nicholas-
ville, and that while the goods were in the possession of
appellant they were destroyed by reason of the negligence
of the servants and employes of appellant in charge of
the wagons. It is alleged that appellant is engaged in
the business of, and is, a common carrier. The damage
claimed is $500.

The answer denied that appellant was a common car-
rier at all; admitted a contract with appellee to haul by
wagon her household goods from Lexington to Nicholas-
ville, and admitted that while in transit certain of the
goods were destroyed by fire, and other articles dam-
aged, but denied that by reason thereof appellee was dam-
aged to the extent of $500, or in any sum exceeding $250.
The answer further pleaded that the destruction and
damage to the goods by fire were without fault on his
part, and denied that the fire was caused by the negligence
of any of his servants.

The issue was tried before a jury, who returned a verdict

for $400 for appellee. Judgment was entered accordingly, and from that judgment this appeal is prosecuted.

The facts proven on the trial without material controversy are that appellant, doing business as the Farley Transfer Company, had a number of vehicles running in the city of Lexington all duly and regularly licensed to haul for hire; that in such business he hauled for any and all persons, and goods and merchandise of all kinds; that he hauled in the city and about the city, to the fair grounds, and other places. There was no dispute as to the contract with appellee to haul the household goods, nor of the fact of damage. As the cause of the fire, there was some proof that the driver was smoking; and, unless the fire caught from his pipe or cigar, it is unexplained how it originated. The proof as to the amount of the loss is conflicting.

The court gave to the jury an instruction as follows: "If the jury believe from the evidence that the fire which damaged or destroyed the goods of the plaintiff was caused by the negligence or carelessness of the defendant's agents or employes in charge of the wagon upon which said goods were being carried, or if the jury believe from the evidence that the defendant at the time of said fire was a common carrier, and was conveying said goods as a common carrier, the jury should find for the plaintiff."

The court then defined a "common carrier," and also gave the counterpart of No. 1, and as to the measure of damages. Appellant seriously objects to instruction No. 1, quoted, and to its counterpart. Counsel insists that there was not sufficient proof of negligence of the employe in charge of the wagon to sustain a recovery on that ground, and also that there was no evidence that appellant was, as to these goods, and this contract with appellee, a com-

mon carrier. Counsel therefore insists that instruction
No. 1, *supra*, was error, for which a reversal must be had.

The instruction is based upon two ideas; *i. e.*, appellant
is liable if the loss occurred by reason of negligence of
his employe; appellant is liable if he was a common carrier.
If from the evidence the court was authorized to submit
to the jury the question of appellant being a common
carrier, the question of negligence becomes unimportant.
If appellant was a common carrier in carrying these goods,
his liability stands admitted; for he nowhere pleads that
the damage was caused by the act of God, the public en-
emy, or the inherent quality of the goods.

We are of opinion that by the evidence of appellant
himself it is shown that he was a common carrier within
the limits of the city of Lexington. He admits that he
hauled for all or any persons, and had obtained a license
so to do. Being a common carrier, appellant could have
been compelled to haul for appellee within the territory
in which he was engaged, but she could not have com-
pelled him to go outside his territorial limit.

In this case, however, he contracted to go beyond his
territory. Applying the facts to a railroad, we should
say he agreed to go beyond the end of his line. It has re-
peatedly been held that, while a railroad can not be com-
pelled to accept and agree to carry goods to points beyond
its line, yet it might do so. If the carrier contracted to
convey beyond its line, it would be liable as a common
carrier for the whole distance.

In the case of Ireland v. Mobile & Ohio Railroad Co.,
105 Ky., 400, [20 Ky. L. R., 1586; 49 S. W., 188, 453],
this doctrine is well settled. In the dissenting
opinion by Mr. Justice Burnam (Justice DuRelle con-
curring) this principle is admitted and emphasized; the

dissent contending that beyond its line a carrier may, by special contract, make its liability less than at common law.

It being clear by the proof that appellant was a common carrier, and agreed to carry these goods from some point in Lexington to Nicholasville, without any further contract, the liability of a common carrier attached the whole distance. The instruction given was, therefore, not error. There appears to us no error in the record.

The judgment is therefore affirmed, with damages.