CASE 85—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES—
MAY 2.

# L., H. & St. L. R. R. Co. v. Morgan.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

TRIAL—MISCONDUCT OF COUNSEL IN ARGUMENT—PERMITTING JURY TO
TAKE DEPOSITIONS TO JURY ROOM.

Held: 1. It was improper to permit counsel for plaintiff in an action
against a railroad company to recover damages for personal
injuries to say, in argument to the jury: "The railroad can
appeal this case, but the plaintiff is a poor man, and has no
money to appeal with, and will have to accept what you do;"
but this error alone would not be sufficient to authorize a re-
versal.

2. It was prejudicial error to permit the jury to take to their room
the deposition of a witness read on the trial, especially as it
contained several questions and answers to which objection had
been sustained.

3 Civil Code Practice, section 321, providing that, where there is
a disagreement among jurors as to any part of the testimony,
"they may request the officer to conduct them into court, where
the information required shall be given in the presence of, or
after notice to, the parties or their counsel," does not authorize
the court to grant a request of the jury to take to their room
a deposition read on the trial.

CHAPEZE WATHEN AND HELM, BRUCE & HELM, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. The first instruction is abstract and should not have been given.
2. Ordinary risk defined. Shearman & Redfield on Negligence, vol.
1, sec. 185.
3. Instruction No. 2 assumes negligence; does not leave that fact
to be ascertained by the jury.
4. Misconduct of attorney for plaintiff.
5. The court erred in permitting the jury to take to the jury room
the deposition of Homer Westbrook. Civil Code, sec. 321;
Goode v. Campbell, 14 Bush, 75; Flint v. Com., 81 Ky., 187.

GUS BROWN AND CLAUDE MERCER, FOR APPELLEE.

(No brief in the record for appellee.)

L. H. & St. L. R. R. Co. v. Morgan.

Opinion of the court by JUDGE WHITE—Reversing.

Appellee brought this action to recover damages for injuries received while engaged in appellant's service in building a bridge across Green river. It is alleged that the injuries were caused by the gross negligence of the foreman of the bridge crew, engaged in putting in the bridge, in carelessly and negligently handling the bridge timbers, so that appellee was struck with a large timber, and knocked into an excavation, and was seriously injured. The answer denied any negligence, and pleaded that the injury was caused solely by the negligence of appellee himself. A trial resulted in a verdict and judgment for $1,000, and after appellant's motion for new trial had been overruled it prosecutes this appeal.

There are some 15 reasons assigned for a new trial, relating to giving and refusing instructions, to admitting and rejecting evidence, and alleged misconduct of appellee's counsel. Among others, this reason is assigned: "The court erred to the prejudice of the defendant in permitting the jury to take the deposition of Homer Westbrook into the jury room during their deliberations." The bill of exceptions shows that appellant asked a peremptory instruction at the close of appellee's evidence, which was refused. Appellee also asked instructions A and B, which were refused. It also appears in the bill of exceptions that counsel for appellee said in the closing argument to the jury: "The railroad can appeal this case, but the plaintiff, Morgan, is a poor man, and has no money to appeal with, and will have to accept what you do; but the railroad has money to appeal the case and will do so,"—to which objection and exception was taken. There are exceptions to the instructions given, as well as to the refusal to give.

In our view of the case, it is not necessary to pass on all the exceptions in the record. We are of the opinion that there was no error in refusing the peremptory instruction as there was evidence that would justify and sustain a verdict if the jury concluded it was true. The instructions A and B were also properly refused. The instructions given seem to state the law as favorable to appellant as it was entitled to, and in the giving of them there was no error prejudicial to appellant. We perceive no error in the admission or rejection of testimony, nor in permitting appellee to exhibit to the jury his injured arm.

The remarks of counsel, *supra*, were improper, but for that alone we would not reverse the case. The other remarks objected to, as shown by the bill of exceptions, are not subject to criticism. The court can not afford to take notice of all remarks of counsel that are not strictly within the record. There is a latitude allowed in oral argument, but it should not extend as far as was done in the quotation.

We are of opinion that in permitting the jury to take to their room the deposition of the witness, Westbrook, was error for which a reversal must be had. The record shows that, after the jury had retired for deliberation, one of them returned, and asked for the deposition of Westbrook, and the court, over objection of appellant, permitted the jury to take that deposition to their room, and keep it during their deliberation on a verdict. An inspection of the deposition shows that it was very important to appellee in making out his case; it also shows that there were several questions and answers to which an objection had been sustained, and the answers not permitted to be read to the jury. Section 321 of the Civil Code of Practice provides: "After the jury have retired for deliberation, if there be

·a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, parties or their counsel." This does not permit the jury to take to their room any written evidence that is not the foundation of the action or defense, and if such evidence be permitted over objection, to be taken, it is reversible error. For the reason indicated, the judgment is reversed, and cause remanded for new trial and further proceedings consistent herewith.