Stiles, Gaddie & Stiles v. Louisville & N. R. R. Co.

is reversed, and, on the return of the case, if appellant so desires, he should be allowed to file his amended petition.

---

CASE 18.—ACTION BY STILES, GADDIE & STILES AGAINST THE LOUISVILLE & NAHVILLE RAILROAD COMPANY TO RECOVER THE VALUE OF HORSES BURNED IN COURSE OF SHIPMENT.—May 28.

## Stiles, Gaddie & Stiles v. Louisville & N. R. R. Co.

Appeal from Nelson Circuit Court.

SAMUEL E. JONES, Circuit Judge.

From a judgment dismissing the petition, plaintiffs appeal.—Reversed.

1. Carriers—Carriage of Goods—Nature of Liability as Common Carrier.—The common carrier of inanimate freight is an insurer of its safe delivery, except where the loss results from the act of God or the public enemy, or from the inherent infirmity of the goods.

2. Same—Carriage of Live Stock—Loss—Liability in General.— Where plaintiff's horses were destroyed by a conflagration while in charge of a common carrier, the loss was in no wise connected with or the result of any infirmity in the animals themselves, so as to raise the question of the negligence, or care of the carrier, but was one falling under the common law rule, which makes the carrier an insurer of the safe delivery of goods committed to it for transportation.

G. S. and J. A. FULTON for appellants.

Question of law discussed. The liability of a common carrier in this State in the transportation of animals is that of an insurer,

except as against (1) The Act of God, (2) The Public Enemy, (3) Inherent Infirmity in the Goods, (4) The Fault of Fraud of the Shipper, and (5) the Proper Vice of the Animals, and where the loss or injury to animals accrues from an extrinsic or adventitous source, wholly unconnected with their vitality, the shipper is not required to allege and prove negligence of the carrier as a condition precedent to a recovery.

### AUTHORITIES CITED.

Boehl v. Railway Co., 44 Minn., 191, N. W. Rep., 121: A. & E. Ency. of Law, 2 Ed., vol. 5, p. 443; Lou. Cin. & Lex R. R. v. Hedger, 9 Bush, 645; Moore on Carriers, ch. 18, sec. 1, p. 496; Idem, sec. 10, p. 509; Hutchinson on Carriers, 3d Ed., vol. 1, secs. 336, 339, 340; Railroad Company v. Harned, 66 S. W., 25; Railroad Company v. Wathen, 66 S. W., 714; Cin. N. O. & T. P. R. R. Co. v. Sanders & Russell, 80 S. W., 488; Elliott on Railroads, 2d Ed. 4th vol., secs. 1545, 1546; Kentucky Const., 196; Thompson's Commentaries on the Law of Negligence, vol. 5, sec. 6471; Burke v. United State Express Co., 87 Ill. App., 505; Cooper v. Raleigh & G. R. Co., 110 Ga., 659; Cush v. Wabash R. Co., 81 Mo. App., 109; Trace v. Penn. R. Co., 26 Pa. Sup. Ct. 466; Lewis v. Penn. R. Co., 59 A. 1117 N. J.; Texas & P. Ry. Co. v. Feltner, 90 S. W., 530; Lou. & Nash. R. Co. v. Smitha, 40, S. O. 117 Ala.; Chicago, B. & Q. Ry. Co. v. Slattery, 107 N. W., 1045; Robertson & Co. v. Kennedy, 2 Dana, 430; Hall & Co. v. Renfro, 3d Met., 51; Cleveland, C. C. & St. L. Ry. Co. v. Druien, 80 S. W., 778.

JOHN S. KELLY for appellee.

R. C. CHERRY of counsel.

There is no allegation of negligence on the part of defendant; there is no statement of facts suggesting negligence. Counsel for appellant contends that a carrier of live stock is, as to it, a carrier of inanimate freight and therefore an insurer under the laws of Kentucky. For the appellee we maintain that in the transportation of live stock the carrier has never been held to that high degree of responsibility resting upon a common carrier in the transportation of inanimate freight and the contrary rule prevailing in other states has never prevailed in Kentucky. In the states where the contrary rule is held the courts hold that an allegation of negligence is necessary in order to state a cause of action.

Stiles, Gaddie & Stiles v. Louisville & N. R. R. Co.

## AUTHORITIES CITED.

Terre Haute & Indianapolis R. Co. v. Sherwood, 17 L. R. A., 341; P. C. & St. L. R. Co. v. Hazen, 84 Ill., 36; 25 Am. Rep., 422; Hussey v. The Sargossa, 3 Woods, 380; Clarke v. Rochester & S. R. Co., 14 N. Y., 570; also, 67 Amr. Dec., 205; Mich. S. & N. I. R. Co. v. McDonough, 21 Mich., 165; 4th Amr. Rep., 466; L. C. & L. Ry. Co. v. Hedger, 9 Bush, 648; Clark v. Syracuse & R. R. Co., 4 Kernan, 570; Hall v. Renfro, 3 Met., 51; L. & N. R. Co. v. Harned, 23 Ky. Law Rep,. 1662-3; L. & N. R. Co. v. Wathen, 23 Ky. Law Rep., 2128; C. N. O. T. P. R. Co. v. Grover, Ky. L. R., vol. 11, p. 236; L. & N. R. Co. v. Betz, 7 Ky. Law Rep., 606; C. N. O. T. P. R. Co. v. Sanders & Russell, 80 S. W. Rep., 488; C. N. O. T. P. R. Co. v. Greening, 30 Ky. Law Rep., 1180; Kentucky Constitution, 196.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

This action was instituted for the purpose of recovering the value of 30 head of horses shipped from East St. Louis, Ill., to New Haven, Ky., over the railroad of defendant, and which were destroyed by fire in Louisville, Ky. There is no allegation in the petition of any negligence on the part of the carrier, and a general demurrer to the petition was sustained by the court. The plaintiffs declining to amend their petition, it was dismissed, from which judgment this appeal is prosecuted.

The sole question arising on the record is whether or not, in Kentucky, the common-law rule as to the liability of a common carrier for inanimate freight delivered to it prevails as to live stock; it being conceded that if this rule does prevail the petition states a cause of action, and if it does not the judgment of the trial court is correct. It is not denied that at common law the common carrier of inanimate freight was an insurer of its safe delivery except where the

loss was from the act of God or the public enemy, or
resulted from the inherent infirmity of the goods.
That this rule prevails in Kentucky is quite beyond
question. The question for adjudication is: Does the
same rule apply as to consignments of live stock? In
the case of Hall & Co. v. Renfro, 3 Metc. 51, there was
involved the loss of a jack by a public ferryman while
it was being transported across a river. After stat-
ing that the keeper of the ferry was a common carrier,
his responsibility for the loss of the jack was thus
stated: "Did he thereby subject himself to the obli-
gations and liabilities of a common carrier? The
authorities are conclusive of this question.   *   *   *
The general rule is that common carriers are respons-
ible for the goods which they undertake to carry, un-
less the loss or damage is the result of inevitable acci-
dent, as lightning, tempests, and the like (which are
usually termed the acts of God), or is occasioned by
the public enemies. See the authorities cited. This
rule, however, must be understood with certain qualifi-
cations. For instance, it is said that the liability of
the carrier would not cover losses arising from the
ordinary deterioration of goods in quantity or quality
in the course of transportation, or from their inherent
infirmity or tendency to decay. So, although a carrier
is liable for the safety of animals delivered to him for
transportation, yet, if an animal is injured by the
peculiar risks to which it is exposed, the carrier is
clearly excusable. He would not be liable for any
accident arising from the animal's own viciousness
of temper. Angell on Carriers, sections 210,
214, and the cases there cited. 'Such a case,' says the
author, 'would seem to be analogous to the case of the
loss of merchandise owing to some inherent defect
which caused the destruction of it while in transit.' "

The court then goes on to clearly recognize the exception to the general rule as above stated that the carrier was not liable for the loss of the jack if it, without negligence on the part of the carrier, fell out of the boat, or was thrown out of it in consequence of its own restiveness or viciousness of temper, or the restiveness or viciousness of the other animals on board with it at the time.   In the case of C., N. O. & T. P. Ry. Co. v. Sanders & Russell, 118 Ky. 115, 25 Ky. Law Rep. 2333, 80 S. W. 488, the following rule is quoted with approval as being the law in Kentucky: "And the rule as now established by the great weight of modern authority is that railroad companies are common carriers of live stock, with substantially the same duties and responsibilities that existed at common law with respect to the carriage of goods, except that they are not liable as insurers against loss and injury resulting from the inherent nature, propensities, or proper vices of the animals themselves." And in Cleveland, C., C. & St. L. Ry. Co. v. Druien, 118 Ky. 237, 26 Ky. Law Rep. 103, 80 S. W. 778, 66 L. R. A. 275, in discussing the loss of live stock by fire, we said: "At the common law, which obtains in Illinois, as well as in this State, a common carrier is liable for loss of freight in its charge occurring by fire, whether or not caused by its own negligence; its liability being that of an insurer."

The cases cited by the appellee in support of the judgment of the court are not apposite to the question before us.   They are cases where the stock was killed or injured by reason of its inherent propensity, and the loss may be said to have resulted from the infirmity or vice of the animals; and while the court, perhaps, used general language in regard to the negligence or non-negligence of the carrier, which, if dis-

associated from the particular loss that was being discussed, might seem to modify the general rule, yet it was clearly not the intention of the court so to do. Undoubtedly, where the result may have arisen from the natural infirmity or vice of the animal, then the question of the negligence or care of the carrier arises; but that principle has no application here. Appellants' horses were burned in a conflagration in Louisville, Ky., while in charge of the carrier. This was a loss in no wise connected with or growing out of the infirmity of the animals themselves, but falls under the common-law rule which makes the carrier an insurer of the safe delivery of the goods committed to it for transportation.

It results, therefore, that the court erred in sustaining a demurrer to appellants' petition, and the judgment is reversed for proceedings consistent with this opinion.