CASE 75.—ACTION BY A. W. PEDIGO AGAINST THE LOUIS-
VILLE & NASHVILLE RAILROAD COMPANY FOR
DAMAGES IN SHIPMENT OF HORSES.—Oct. 1, 1908.

# Louisville & Nashville R. R. Co. v. Pedigo

Appeal from Barren Circuit court.

SAMUEL E. JONES, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

1. Appeal and Error—Verdict—Amount of Recovery.—Where a verdict appears to be the result of the jury's honest judgment, and not of passion or prejudice, it will not be disturbed on appeal as allowing an excessive recovery.

2. Carriers—Transportation of Horses—Action of Injuries—Negligence—Evidence.—Evidence held to show that horses were injured during transportation by the carrier's negligent handling of the car in its switching yard.

3. Carriers—Carriage of Live Stock—Liability of Carrier.—A carrier undertaking to transport live stock becomes an insurer of its safe delivery, except where injury or loss results from the act of God or the public enemy, or from the inherent nature, propensities, or viciousness of the animals.

4. Continuance—Absence of Witness—Discretion of Court—Diligence.—Where an affidavit in support of a motion for a continuance on the principal ground of defendant's lack of time to prepare its defense named a witness who would testify to facts which were admitted in evidence in a deposition, and stated that there were other witnesses who would testify for defendant, without naming them or stating what they would testify to, and it appeared that plaintiff's claim was known to defendant several days before suit was brought and two weeks prior to the beginning of the trial term of court, and it did not appear that defendant had taken any steps to procure the attendance of witnesses, the affidavit did not sufficiently show diligence, and the court acted within its discretion in denying the continuance.

Louisville & Nashville R. R. Co. v. Pedigo.

BENJAMIN D. WARFIELD, CHAS. H. MOORMAN, and SIMS DUBOSE & RHODES for appellant.

## POINTS DISCUSSED AND AUTHORITIES CITED.

1. The trial court erred in refusing to grant defendant a continuance, on affidavit filed in that behalf, because of lack of time for preparation for trial. (Abbott's Trial Brief, 11, 21; Childs v. Heaton, 11 Iowa, 271; K. C. Ry Co. v. Carey, 5 Ky. Law Rep., 512; Langdon-Creasy Co. v. Rouse, 72 S. W., 1113; Conring v. R. Co., 47 N. W., 18; Rickets v. Hamilton, &c., 16 Ky. Law Rep., 762; Chandler's' Admr. v. Bush, &c., 22 Ky. Law Rep., 993; Kehoe v. Comth., 28 Ky. Law Rep., 35; L. & N. R. Co. v. Harned, 23 Ky. Law Rep, 1651).

2. The damages are very excessive for the injuries, if any, proven.

3. The plaintiff having made the contract of shipment of the horses a part of his petition, and that contract showing that plaintiff assumed all the risk of injuries to the animals by reason of their own inherent propensities, the burden was on plaintiff not only to show that the animals may have been injured from the rough-handling of the car by defendant, and for which, if the animals were thereby injured, it would be liable; but the burden was also on plaintiff to show that the animals were not injured from a cause for which, as shown by the contract of affreightment, defendant would not be liable, and this the plaintiff has not done.

BAIRD & RICHARDSON for appellee.

## POINTS AND CITATIONS.

1. A verdict should not be set aside, unless palpably against the weight of evidence, and so glaringly excessive, as to appear from first blush to be the result of passion or prejudice. (5 J. J. Marshall, 389; 87 Ky., 327; 27 Ky. Law Rep., 257; 3 A. K. Marshall, 349; 29 Ky., 1168-1169-1170; 3 B. Mon., 51).

2. The correct measure of damage, where stock is injured while being transported by a common carrier. (23 Ky. Law Rep., 886).

3. When a party asks a continuance on account of absent witnesses, it is not error to refuse same. It appearing that no process issued for the witnesses, and that part of the affidavit of appellant, showing what the absent witness would state being read to the jury by agreement as the deposition of the absent witness.

Louisville & Nashville R. R. Co. v. Pedigo.

(17 Ky. Law Rep., 913; Carroll's Civil Code, 315; Bibb, 427; 2
A. K. Marshall, 382; 16 Ky., 402; 3 Littel, 45; 13 Bush, 122; 20
Ky. Law Rep., 225; 18 B. Monroe, 785.)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee recovered of appellant in the court below
a verdict and judgment for $365 damages for injuries
inflicted upon several horses, of which he was the
owner, while in one of appellant's cars and being
transported by it from Glasgow to Louisville for sale
at that place. It was, in substance, alleged in the peti-
tion that the injuries received by the horses resulted
from the negligence of appellant's agents and serv-
ants in charge of the car and train of which it was a
part, and that its agents and servants "so negligently
and carelessly operated and managed the car and line
of railroad as to injure, lacerate, tear, bruise, scar,
and damage said horses;" the amount of damages
claimed being $500. The answer merely traversed the
material averments of the petition.

There were but two issues made by the pleadings.
(1) Were the horses or any of them injured, and to
what extent, while in appellant's car and under its con-
trol? (2) If injured, were such injuries caused by the
negligence of appellant's agents and servants charged
with the duty of operating the car and train in trans-
porting them from Glasgow to Louisville, and deliver-
ing them to the consignee in the last-named city? As
to these issues, the evidence was all one way. It
clearly established appellee's contention that at least
four or five of the nine horses were injured after the
arrival of the train in Louisville, and while they were
still in appellant's charge.

Appellant insists it should have been granted a new
trial, and that it is entitled to a reversal, because the

recovery was excessive. The injuries consisted of cuts, bruises, and other wounds upon the legs, breasts, and heads of the horses, which were sufficiently serious and permanent to disfigure and lame some of them, prevent the sale of two of them, and compel the appellee to sell others at considerably less than they would have brought if uninjured. If a jury had been waived and the law and facts submitted to the trial judge for decision, he would probably have limited the recovery to such a sum less in amount than was allowed by the verdict of the jury, but, while the amount of damages allowed by the jury was liberal, we are not prepared to say that it was so excessive as to indicate passion or prejudice on the part of the jury. On the contrary, in view of the evidence, we regard the verdict as the result of the exercise of an honest judgment upon their part. Hence we are not at liberty to disturb it upon the ground urged. Ky. & Ind. B. & R. Co. v. Nuttall, 96 S. W. 1131, 29 Ky. Law Rep. 1169; L. & N. R. R. Co. v. Mitchell, 87 Ky. 327, 8 S. W. 706, 10 Ky. Law Rep. 211; L. & N. R. R. Co. v. Smith, 84 S. W. 755, 27 Ky. Law Rep. 257. The manner in which appellee's horses received their injuries seems to be clearly shown by the evidence. Shirley, who was in charge of four horses of Warder, shipped in the same car with appellee's horses, testified that he rode to Louisville in the car with them, and that appellee's horses were injured after the train reached Louisville by the negligent and reckless handling or "kicking" of the car by appellant's servants in the switching yard after dark. He was strongly corroborated by Olliver and Phillips, both of whom were then present; Olliver being in charge of appellee's stock. According to the statements of all these witnesses, the car was "kicked" so hard that it knocked it several feet, jarred a man

off a box in the car, threw Phillips and Shirley against each other, turned over a lantern, and broke an iron guy rod supporting the car. Shirley further testified that, when the car was "kicked," he heard a clattering among the horses, and that the injury to the car from the "kicking" was such that some repairing of it had to be done by appellant's servants before it could be removed to the proper place for unloading the horses, and not until they were unloaded did he, Oliver, and Phillips discover that they had been injured. It is manifest, therefore, that appellee's horses were injured by the kicking of the car at Louisville, and the evidence as to the manner in which it was done by appellant's servants amply justified the conclusion reached by the jury that in so striking the car they were guilty of negligence. So, in view of the evidenc. appellant's contention that it does not support the verdict can not be sustained. It is equally patent from the evidence that injury to the horses did not result from the causes for which the contract of shipment provides appellant shall not be liable, for it clearly demonstrates that the injuries they sustained were not caused by the inherent viciousness of the animals or any of them.

In Stiles, Gaddie & Stiles v. L. & N. R. R. Co., 110 S. W. 820, 33 Ky. Law Rep. 625, 129 Ky. 175, this court, quoting with approval from the opinion in C., N. O. & T. P. Ry. Co. v. Sanders & Russell, 118 Ky. 115, 80 S. W. 488, 25 Ky. L. R. 2333, said: "And the rule as now established by the great weight of modern authority is that railroad companies are common carriers of live stock with substantially the same duties and responsibilities that existed at common law with respect to the carriage of goods, except that they are not liable as insurers against loss and injury resulting

from the inherent nature, propensities, or proper vices of the animals themselves.'' So in Kentucky the rule is, as at the common law, that a railroad company or other common carrier undertaking to transport live stock becomes an insurer of its safe delivery, except where injury to or the loss of such live stock results from the act of God or the public enemy, or from the inherent nature, propensities, or viciousness of the animals themselves. In C., N. O. & T. P. Ry. Co. v. Sanders & Russell, supra, it was held that: ''By section 196 of the Constitution of Kentucky they (common carriers) are prohibited from contracting for relief from any liability imposed upon them by common law. The provisions of the bill of lading relied on in the second paragraph of appellant's answer, that they should send a man along to look after them, does not relieve the carrier from the duties imposed upon it by law to look after the stock. Their only effect is to shift the burden of proving negligence from the railroad company to the shipper.'' Ray's Negligence, 241; L. & N. R. R. Co. v. Hawley, 10 Ky. Law Rep. 117; C., N. O. & T. P. Ry. Co. v. Grover, 11 Ky. Law Rep. 236. And we may add that the provisions of the bill of lading or contract relied on by appellant in this case as exempting it from liability did not. relieve it of the duty imposed upon it by law to safely transport and deliver appellee's stock, in view of the evidence that the injuries they sustained were caused by its negligent manner of operating the train and not from the inherent nature, propensities, or viciousness of the animals themselves.

We cannot safely say that the trial court abused its discretion in overruling appellant's motion for a continuance. The affidavit filed in support of the motion names only one witness, Hudson, the consignee

of appellee's stock, and the statements attributed to that witness were permitted to be read as a deposition. The statement was made in the affidavit that there were other witnesses who would furnish testimony in behalf of appellant; but their names were not mentioned, or statement made as to what facts beneficial to appellant were in their possession. Appellant's chief complaint in the affidavit is that it had not been given sufficient time to investigate appellee's claim, or to prepare its defense. It appears, however, that appellee's claim was made known to it several days before suit was instituted, and fully two weeks before the beginning of the term of court at which the case was tried, but it does not appear that appellant took any steps, by the issual of subpoenas or otherwise, to procure the attendance of witnesses. It is not wide of the mark to say that appellant's counsel or agents ought at least to have been able to see the train crew or yard switchmen by whom the car containing appellee's horses was handled after its arrival at Louisville. They were doubtless in possession of such facts with respect to the operation of the car and condition of the horses as would have acquainted appellant with everything that was done in operating the car and delivering the horses to the consignee, yet the affidavit did not advise the court whether they were seen, or an effort made to see them. In brief, the affidavit was not sufficiently specific in its showing of diligence to justify us in holding that the trial court abused its discretion in refusing the continuance.

There were but two instructions given by the court. The first advised the jury in what state of case they might find for the plaintiff. Both are substantially correct, though the first might have been made to present the law in more elaborate form.

Finding no cause of reversal, the judgment is affirmed.