# Louisville, Henderson & St. Louis Railway Company v. Southern Seating & Cabinet Company.

(Decided March 10, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch No. 1).

1. Carriers—Carriers of Goods—Loss or Injury to Goods—Nature of Liability as Common Carrier.—A carrier of goods is liable for all loss or injury to such goods in its possession as such carrier, subject to the following exceptions: (1) The carrier is not liable for loss or injury occasioned by the act of God; (2) nor for that occasioned by the public enemy; (3) nor for loss or injury resulting from the inherent nature and qualities of the thing carried; (4) nor for loss or injury caused solely by the act or fault of the shipper.

2. Carriers—Carriage of Goods—Loss or Injury to Goods—Action —Pleading—Evidence.—Subject to the four exceptions mentioned, the carrier is liable to the shipper for all loss or injury to goods while in its possession as such carrier, regardless of whether there was negligence on the part of the carrier or not; hence in an action for loss or injury to such goods, not occasioned by any of the excepted causes, plea and proof of negligence is immaterial.

HELM & HELM for appellant.

GARTNER & VAUGHAN for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Two questions are presented by this appeal: (1) Whether in an action by a shipper against a carrier of goods, for loss or injury to inanimate freight or merchandise, the plaintiff is required to prove negligence on the part of the carrier; and (2) Whether the proof introduced by plaintiff sufficiently showed that there were two hundred and seventy-one chairs in the shipment delivered by it to the defendant company for transportation.

It is charged by the plaintiff, Southern Seating & Cabinet Company, manufacturer and vendor of chairs, etc., located at Jackson, Tenn., that it, through an agent, John G. Delker, purchased the chairs in question from the Central Presbyterian Church of Owensboro, Kentucky, which chairs it contracted to sell to the M. E. Church at Mountain Grove, Mo.; that said chairs were delivered to defendant, Louisville, Henderson & St.

Louis Railway Company, to be transported to Mountain Grove; that when said consignment of chairs reached its destination, they were so badly damaged that they were worthless and consignee refused to accept them; that the contract price and value of said chairs at said place of destination was $1.20 per chair; and that plaintiff had been damaged in the sum of $325.20 by reason of the destruction of said property.

Defendant company answering, denied sufficient information that the shipment contained two hundred and seventy-one chairs; and also pleaded that said chairs were old and worn out, and on account of their infirmities not in condition to be shipped as freight; that they were badly packed, and that their inherent infirmities and the negligent way in which they were packed caused the damage and destruction thereof, and that same was not caused by the negligence of the defendant. It also pleaded a counterclaim in the sum of $87.23 for freight charges on the shipment.

The jury found a verdict for plaintiff company in the sum of $320.40, subject to a credit of $87.23, freight charges, which was at the rate of $1.20 for two hundred and sixty-seven chairs, as it was shown in evidence that four of them were in damaged condition when delivered to defendant.

1. The general rule is that a carrier of goods is liable for all loss or injury to goods in its possession as such carrier; but to this rule there are some exceptions: (1) the carrier is not liable for loss or injury occasioned by the act of God; (2) nor for loss or injury occasioned by the public enemy; (3) nor for loss or injury resulting from the inherent nature and qualities of the things carried; (4) nor for loss or injury caused solely by the act or fault of the shipper.

For instance, under the fourth exception mentioned, if goods are insufficiently packed, and this fact is not known to the carrier nor discoverable by the exercise of ordinary care, it is not liable for loss or injury due to such insufficient packing, if itself free from negligence. Under the third exception mentioned, if fruit decays in transit, or products freeze, melt or deteriorate, without negligence upon the part of the carrier, it is not liable therefor. Under the same exception, the carrier is not liable, unless itself negligent, for loss or injury to live stock while in transit, due to the peculiar nature or propensities of the animals.

But, subject to the exceptions mentioned, the carrier is liable for all loss or injury to goods while in its possession as such carrier, regardless of whether it was negligent in the transportation thereof. . The above principles have been established in this State by the following and many other cases: Stiles, Gaddie & Stiles v. L. & N. R. R. Co., 129 Ky., 175, 110 S. W., 820, 33 R., 625, 18 L. R. A. (N. S.), 86, 130 Am St. Rep., 429; B. F. Schwartz & Co. v. Erie R. Co., 128 Ky., 22, 106 S. W., 1188, 32 R., 777, 15 L. R. A. (N. S.), 801; Lewis v. L. & N. R. R., 135 Ky., 361, 122 S. W., 184, 25 L. R. A. (N. S.), 938, 21 Ann. Cas., 527; Ches. & Ohio Ry. Co. v. Hall, 136 Ky., 379, 124 S. W., 372.

It was, therefore, unnecessary for plaintiff to allege in its petition any negligence on the part of defendant in the transportation of the chairs in question, and proof of such negligence was likewise immaterial. For loss or injury not occasioned by any of the excepted causes above mentioned, the carrier is liable, whether negligent or not. The lower court did not err, therefore, in denying defendant's motion for peremptory instruction upon the ground of a want of proof of negligence on its part.

2. As to the contention of appellant company that there was no proof of the delivery to it of two hundred and seventy-one or of any definite number of chairs, the proof on this point is not as definite as it no doubt could have been made.

A witness, I. W. Shannon, an officer of appellee company, testified in his deposition, that the two hundred and seventy-one chairs were purchased by appellee company from the Central Presbyterian Church of Owensboro, Ky., and that same were shipped from Owensboro, by John G. Delker, who was a member of the Improvement Committee of that church, and acted as agent of appellee company, over appellant's line of railroad, consigned to H. J. Fenwick, Mountain Grove, Mo., one of the trustees of the M. E. Church at that place, to which church the chairs had been contracted at the price of $1.20 per chair; that he had seen the bill of lading covering the shipment and a number of letters from officials and agents of the appellant railroad company, acknowledging that the shipment was so made.

On motion of defendant, the court excluded from the consideration of the jury, all of this witness' testimony as to the shipment of the chairs, for the reason that he

admitted on cross-examination that he was not present when they were shipped, and his testimony was mere hearsay. The court further admonished the jury that the only part of the deposition that was competent was that part in which the witness stated that he had seen the bill of lading and the letters above mentioned. The bill of lading was filed with John G. Delker's deposition.

John G. Delker testified that he acted as agent for the appellee company in the shipment of these chairs; that on or about March 10, 1911, he delivered to the Louisville, Henderson & St. Louis Railroad Company the opera chairs taken out of the Central Presbyterian Church. and consigned them to H. J. Fenwick at Mountain Grove. Mo., that he was one of the committee of that church in charge of the improvements being made; that he helped to load all the chairs on the wagons; that they were wired together in bunches, with strips of lumber on each side, forming a crate, which strips were so wired as to hold the chairs firmly in the package; that. the chairs were packed three and four in a bundle; that the shipment was in good condition when delivered to the railroad company except that two of the chairs were broken by the transfer company. The bill of lading which was filed, acknowledged the receipt by appellant of seventy-one bundles of opera chairs and ten bundles of foot-rests, with the notation "second-hand" and the further notation "four seats broken."

The fact that the bill of lading shows that appellant received seventy-one bundles; the evidence of Shannon showing the purchase of two hundred and seventy-one chairs from the Central Presbyterian Church, and the evidence of Delker, showing that the chairs so purchased were by him packed three and four in a bundle and delivered to the railroad company, in the absence of any testimony from appellant company on the subject, was sufficient to sustain the finding of the jury.

Judgment affirmed.