## McClain, et al. v. Boyett.

(Decided September 19, 1919.)

### Appeal from Graves Circuit Court.

Bills and Notes—Endorser's Liability as Surety—Agreement—Evidence—Sufficiency—Contribution.—In an action by the sureties on a note to recover contribution from an endorser on the ground that he was a joint surety, evidence examined and held insufficient to show that the endorser ever agreed with plaintiffs to be

bound as a joint surety with them, thus making it unnecessary to decide whether parol evidence was admissible for that purpose.

W. J. WEBB for appellants.

ROBBINS & ROBBINS and M. B. HOLLIFIELD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

R. F. McClain and W. B. Sullivan were sureties for Oscar Elmore on a note for $2,000.00 to the First National Bank of Mayfield. When the note became due, McClain and Sullivan claimed that they declined to renew it unless Elmore would furnish additional security. Elmore requested R. E. Boyett to endorse for him, and McClain and Sullivan as sureties, and Elmore as principal, executed to Boyett a note for $2,000.00, which Boyett endorsed to the bank, and the proceeds thereof were used to pay the note on which McClain and Sullivan were sureties. Some building association stock was attached as collateral security to the note on which Boyett was endorser. Early in the year 1916, Sullivan claimed that the dates on the building association stock were forged and gave Elmore thirty days in which to raise the money. Thereupon, Elmore, with McClain and Sullivan as sureties, executed a thirty day note for $2,000.00 to the bank, and paid the $2,000.00 note on which Boyett was endorser. Boyett did not sign the thirty day note either as surety or endorser. When the latter note became due on April, 18, 1916, it was paid by Sullivan and McClain. About six months later, McClain, Sullivan and Boyett executed a joint note to the bank for $2,139.28, dated October 18, 1916, and payable in four months.

Claiming that they had paid the note of October 18, 1916, and that Boyett was jointly liable as surety thereon, McClain and Sullivan brought this suit against Boyett to recover one-third of the note, or the sum of $713.09. Boyett pleaded that the note was executed without consideration and solely for the use and benefit of McClain and Sullivan. In addition to denying the allegations of the answer, McClain and Sullivan pleaded in substance the facts above set out, and alleged that they declined to renew the note on which they were sureties for Elmore unless he obtained additional security; that thereupon Elmore procured Boyett to endorse the note given in renewal of the former obligations; that when the thirty day

note was executed to the bank, Boyett agreed to be bound thereon as theretofore, but not being in Mayfield, he instructed plaintiffs to sign the note and stated that he would continue upon same, and would be bound thereon the same as if he had signed the renewal; that thereafter Boyett agreed with plaintiffs that he was bound thereon and signed with plaintiffs the note on which suit was brought.

At the conclusion of the evidence, the trial court directed the jury to return a verdict in favor of the defendant. Plaintiffs appeal.

It is conceded by counsel that plaintiffs' right to contribution from defendant, Boyett, depends on whether Boyett, though appearing on the original note as a mere endorser, was in fact a joint surety with plaintiffs. In view of the insufficiency of the evidence we deem it unnecessary to decide whether parol evidence is admissible under the negotiable instrument act to show that, as between the parties to the instrument, an endorser is a joint surety with certain of the makers. Neither McClain nor Sullivan was present when Boyett endorsed the note, and neither they nor any other witness testified that he ever agreed to be bound on the note as a joint surety. On the contrary, both Boyett and Elmore testified that Boyett's only agreement was to sign the note as an endorser. Since plaintiffs' evidence, even if admissible, was not sufficient to take the case to the jury, it follows that the court did not err in directing a verdict for the defendant.

Judgment affirmed.