# A. Arnold & Son Transfer & Storage Company v. Weisiger, et al.

(Decided May 22, 1928.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Carriers.—In action against transfer company for value of property destroyed by fire while in transit, answer alleging that plaintiff's agent falsely stated value of property, thereby obtaining lower rate of transportation and preventing defendant from providing adequate insurance, held bad so far as asserting contract purporting to relieve carrier from its common-law liability contrary to Constitution, sec. 196.

2. Carriers.—In action against transfer company for value of property destroyed by fire while in transit, answer alleging plaintiff's agent falsely stated value of property, thereby obtaining lower rate of transportation, held defective, so far as relying on shipper's fraud, in failing to set forth facts showing that defendant was decived by valuation alleged.

3. Pleading.—Statement of mere legal conclusions in pleading, which is forbidden by the Code, is disregarded by the court as surplusage.

4. Carriers.—In action against transfer company for value of property destroyed by fire in transit, answer alleging that plaintiff's agent falsely stated value of property, thereby obtaining lower rate of transportation and preventing defendant from providing adequate insurance, without setting forth facts showing that defendant was deceived by valuation alleged and that such statement was material, did not state facts constituting estoppel.

5. Carriers.—In action against transfer company for value of property destroyed by fire in transit, facts averred in answer that plaintiff's agent falsely stated value of property, thereby obtaining lower rate of transportation and preventing defendant from providing adequate insurance, held admissible in evidence so far as relevant on issue of value.

6. Appeal and Error.—Where evidence that shipper's agent falsely stated value of property destroyed by fire in transit, thereby obtaining lower rate of transportation and preventing carrier from providing adequate insurance, was admitted on issue of value in action against carrier, ruling sustaining demurrer to paragraph of answer averring such facts was not prejudicial.

7. Appeal and Error.—For purpose of testing propriety of refused instruction offered by appellant, Court of Appeals must assume that transaction which was subject of instruction occurred as appellant's agent testified.

8. Carriers.—In action against transfer company for value of household goods and wearing apparel, destroyed by fire in transit, testimony of defendant's agent, who was familiar with, and knew as

well as owner, probable value of property, which most casual observer could see was worth more than $1,500, that one of plaintiffs or their agent stated that such sum would be sufficient valuation tended, at most, to prove contract for relief from carrier's common-law liability, contrary to Constitution, sec. 196, and hence did not warrant instruction that plaintiffs were estopped to claim greater sum if they fraudulently represented articles to be worth such amount and believed that carrier accepted them on such representations.

9. Carriers.—Shippers exhibiting furniture, household goods, and wearing apparel, not in sealed packages or closed box, to transfer company held not estopped by fraud to claim more than represented value of such articles on their destruction by fire in transit; carrier not being deceived.

10. Carriers.—Carrier is absolutely liable for value of property, such as furniture and household goods, destroyed by fire while in its custody.

11. Carriers.—In action against transfer company for value of furniture and wearing apparel destroyed by fire in transit, usual instruction on measure of damages held not erroneous because goods were bequeathed to plaintiffs by a relative and it was unnecessary to replace them because of their possession of other such goods, in view of evidence that property had been in use by plaintiffs from time they acquired it and was being removed to their home in another state for use there.

12. Appeal and Error.—Instruction on measure of damages for loss of household furniture and wearing apparel destroyed by fire in transit held not prejudicial to defendant transfer company, even if some of wearing apparel of person, from whom it was received by plaintiffs, was of little value or incapable of use, where verdict was considerably less than proved value of goods lost and no substantial amount was allowed for loss of such apparel.

13. Carriers.—Where delivery of household goods to transfer company for shipment and loss thereof by fire in transit were admitted, court was warranted in directing jury to find for shippers the value of goods lost in accordance with instruction on measure of damages.

14. Trial.—When there is no proof to sustain a claim asserted, the court is justified in directing the jury to disregard it.

15. Appeal and Error.—Permitting jury, in action against transfer company for value of property destroyed by fire in transit, to have in its possession a list of lost articles, which was contained in both petition and answer and testified about at great length, held not reversible error, in absence of objection by defendant's counsel, who was present as required by Civil Code, sec. 321, when judge obtained list from plaintiff and delivered it to jury, though it had not been introduced in evidence.

16. Trial.—The trial court has a discretion in the matter of permitting the jury to have possession of list of lost property for value of which shippers are suing carrier.

17. Appeal and Error.—Litigants may not experiment with jury and then complain after the event of something allowed to pass with their tacit consent or at least without objection seasonably made.

18. Trial.—The credibility of the witnesses must be judged by the jury.

19. Appeal and Error.—On controverted questions of value, the Court of Appeals reposes confidence in the finding of a properly instructed jury within the limits of the proof, under Civil Code, sec. 126, subsec. 4.

W. S. HEIDENBERG and WM. MIX for appellant.

LUKINS & JONES for appellees.

Opinion of the Court by Judge Willis—Affirming.

The appellant, as its name indicates, is a common carrier. It undertook, for hire, to transfer a large quantity of furniture, household goods, and wearing apparel for the appellees from Louisville, Ky., to Hendersonville, Tenn., and while in transit by truck the entire shipment was destroyed by fire. This action was instituted by the owners to recover of the carrier the value of the property destroyed, resulting in the recovery by plaintiffs of a judgment for $3,200. Failing to obtain a new trial in the court below the carrier appeals. The grounds of complaint and the relevant facts will appear appropriately in the opinion in discussing and disposing of the various contentions.

1. The first complaint of the action of the court below is grounded upon an order sustaining a demurrer to a paragraph of the answer pleading, in substance, that the agent of appellees falsely stated the value of the property lost, thereby obtaining a lower rate of transportation and preventing the carrier from providing adequate insurance to protect itself from a casualty such as occurred. Substantially the same matter was pleaded in another paragraph of the answer, with the exception of the allegation respecting the insurance.

In so far as the pleading asserted a contract purporting to relieve the carrier from its common-law liability, it was void (Constitution, sec. 196); and in so far as it attempted to rely upon the fraud of the shipper, it was defective in failing to set forth facts showing that the carrier was in truth deceived by the valuation al-

leged (Southern Express Co. v. Fox & Logan, 131 Ky. 257, 115 S. W. 184, 117 S. W. 270, 133 Am. St. Rep. 241). The pleading shows that the carrier could not have been defrauded, as the goods were not hidden or of a peculiar character, but consisted simply of furniture and ordinary household goods, about which the carrier was as well advised as the shipper. 14 Am. & Eng. Enc. of Law, 86-106; 20 Cyc. 14, 32; Adams Express Co. v. Walker, 119 Ky. 121, 83 S. W. 106, 26 Ky. Law Rep. 1025, 67 L. R. A. 412; Southern Exp. Co. v. Fox & Logan, 131 Ky. 263, 115 S. W. 184, 117 S. W. 270, 133 Am. St. Rep. 241; Chesapeake & O. R. Co. v. Hall, 136 Ky. 379, 124 S. W. 372, Ann. Cas. 1912A, 364.

The omission from the pleading of the essential allegations indicated is not supplied by the conclusion of the pleader that the carrier was deceived. The statement of mere legal conclusions in a pleading is forbidden by the Code and disregarded by the court as surplusage. Newman (3d Ed.) Pleading and Practice, sec. 207; Machen v. Bernheim, 93 S. W. 621, 29 Ky. Law Rep. 427; Ky. Judicial Dictionary, vol. 1, p. 623.

Neither does the pleading set forth facts constituting an estoppel. It omits the essential element already observed and the further ingredient of materiality. Crescent Grocery Co. v. Vick, 194 Ky. 727, 240 S. W. 388.

In so far as the facts averred in the pleading were relevant on the issue of value, they were admissible and actually admitted in evidence, and the ruling of the court on the demurrer was not erroneous or prejudicial.

2. The next criticism is leveled at the action of the court in refusing to give an instruction offered by the appellant. The instruction offered advised the jury that if the plaintiff's falsely, fraudulently, and knowingly misrepresented the value of the articles to be worth the sum of $1,500, and they should believe that the carrier accepted them upon such misrepresentations, then plaintiffs were estopped to claim from the carrier any greater sum than $1,500. Appellant's agent testified that he examined carefully the furniture and household goods to be shipped and asked one of the appellees, or their agent, to make an appraisement of the goods, and that, after a conference, it was stated that $1,500 would be sufficient. He also stated that he carried a blanket policy of insurance for $1,000, and pursuant to the valuation obtained an additional policy of $500. The testimony was denied

by the appellees, but, for the purpose of testing the propriety of the instruction offered, it is necessary to assume that the transaction occurred as detailed by appellant's agent. It appears that the agent was familiar with the property and knew as well as the owner the probable value of it. It was apparent to the most casual observer that the property was worth more than $1,500. There was at least one single article that was worth approximately that sum. Under section 196 of the Constitution of Kentucky, no common carrier is permitted to contract for relief from its common-law liability. It is clear that if the testimony tended to prove a contract, which is doubtful, the contract was void under that section of the Constitution. Adams Express Co. v. Walker, 119 Ky. 121, 83 S. W. 106, 26 Ky. Law Rep. 1025, 67 L. R. A. 412; Southern Exp. Co. v. Fox & Logan, 131 Ky. 257, 115 S. W. 184, 117 S. W. 270, 133 Am. St. Rep. 241.

But the appellants insist that by the common law, which prevails in this state, a shipper is not permitted to deceive a carrier or practice a fraud upon it and thereafter take advantage of such deception. But it does not appear that the appellant was deceived. The property was exhibited to it, and it was not in a sealed package or a closed box. It knew exactly what was delivered to it, and the facts shown do not bring the case within the rule of estoppel or fraud which prevails in this state. Southern Exp. Co. v. Fox & Logan, 131 Ky. 257, 115 S. W. 184, 117 S. W. 270, 133 Am. St. Rep. 241; C. & O. Ry. Co. v. Hall, 136 Ky. 379, 124 S. W. 372, Ann. Cas. 1912A, 364.

The case here is unlike Illinois Central Railway Co. v. Fontaine, 217 Ky. 211, 289 S. W. 263, 52 A. L. R. 1064, where valuable jewelry was packed in a trunk without the knowledge of the carrier, and was stolen by the carrier's agent. Here the property consisted of furniture and household goods, the character and value of which the carrier knew, and the loss did not result from larceny, but the property was destroyed by fire while in the custody of the carrier. Goods of the character involved in this case are not embraced by the exceptions indicated in the Fontaine case. The carrier is absolutely liable for the loss of goods intrusted to it in a case like this one. Farley v. Lavary, 107 Ky. 523, 54 S. W. 840, 21 Ky. Law Rep. 1252, 47 L. R. A. 383.

. In the case just cited a transfer company undertook to carry goods from Lexington to Nicholasville, and they were destroyed by fire while in its custody. It was held that the carrier was liable as an insurer for the value of the goods lost. Stiles et al. v. L. & N. R. R. Co., 129 Ky. 175, 110 S. W. 820, 33 Ky. Law Rep. 625, 18 L. R. A. (N. S.) 86, 130 Am. St. Rep. 429; C. N. O. & T. P. Ry. Co. v. Rankin, 153 Ky. 730, 156 S. W. 400, 45 L. R. A. (N. S.) 529; Louisville, Henderson & St. Louis Ry. Co. v. Southern Seating & Cabinet Co., 157 Ky. 772, 164 S. W. 90. It is clear, therefore, that the testimony did not require the court to give the instruction offered by the appellant, and there was no error in refusing it.

3. It is next insisted that the instruction on the measure of damages was incorrect. It is conecded that the instruction given was in accordance with the decision of this court in the case of Davis v. Rhodes, 206 Ky. 340, 266 S. W. 1091, but it is contended that the household articles lost in this case do not come within the reason of the rule because they were bequeathed to the owners by a relative and were not in use. It is said that the appellees had other household furniture and wearing apparel, and it was not necessary to replace the goods lost. It appears in the evidence, however, that this very property had been in use by the owners from the time they acquired it and it was being removed by them to their Tennessee home for the purpose of use there. It was not intended for resale, but for use by the owners. If it could be said that some of the wearing apparel of the old lady from whom the property was received was of little value or not capable of use, yet the ruling did not prejudice the appellant. The verdict was considerably less than the proved value of the goods lost, and it does not appear that any substantial amount was allowed for the loss of the wearing apparel formerly used by Mrs. Adams. The trial court ruled correctly in applying the principle of Davis v. Rhodes to the facts of this case.

4. It is next insisted that the court erred in directing the jury to find for the plaintiffs, but, as we have seen, a carrier is absolutely liable for the loss of goods of the character here involved, except in certain instances not appearing in this case. Farley v. Lavary, 107 Ky. 523, 54 S. W. 840, 47 L. R. A. 383; C. N. O. & T. P. Ry. Co. v. Rankin, 153 Ky. 730, 156 S. W. 400, 45 L.

R. A. (N. S.) 529; Louisville, Henderson & St. L. Ry. Co. v. Southern Seating & Cabinet Co., 157 Ky. 772, 164 S. W. 90.

Since the delivery and loss of the goods were admitted, the court was warranted in directing the jury to find for the plaintiffs the value of the goods lost in accordance with the measure of damages incorporated in the instruction on that subject. C. N. O. & T. P. Ry. Co. v. Mullane's Adm'r, 151 Ky. 499, 152 S. W. 555.

5. It is next urged that the court erred in instructing the jury to disregard the counterclaim of appellant. The counterclaim consisted of an allegation that the appellees had carelessly packed the trunks and boxes shipped by including in their contents inflammable materials of an inherently dangerous nature, as a result of which the fire was caused, resulting in the loss of appellant's truck. There was no proof of any negligence on the part of the owners in packing the goods. In fact, some of the goods were repacked by appellant's agents, and all of them were carefully packed. The evidence showed that nothing of an inflammable character was included in the shipment, and there was no testimony tending to prove that the fire resulted from any inherent quality of the goods. When there is no proof to sustain a claim asserted, the court is justified in directing the jury to disregard it. McClain v. Boyett, 185 Ky. 97, 214 S. W. 816; Baize v. Ill. Cent. R. R. Co. (Ky.), 127 S. W. 478; W. U. Tel. Co. v. Teague, 134 Ky. 601, 121 S. W. 484.

6. It is strenuously insisted that the court erred in permitting the jury to have in its possession a list of the property lost, which had not been introduced in evidence. The petition set forth a list of the lost property and the same list was repeated in the answer, in connection with the denial of its value, or that it was delivered to the carrier. The list consisted of more than a hundred items of separate value and had been testified about at great length. It appears from the bill of exceptions that after the jury had retired to their room they expressed to the sheriff a desire to see the judge. The judge responded to the request and immediately returned to the courtroom and announced in the presence of counsel for both litigants that the jury desired the list of the articles alleged to have been lost by the plaintiffs, and which the witnesses had used in testifying. The judge then obtained the list from one of the plaintiffs and delivered it to the

jury. No objection was made by the appellant's counsel, although he was present, and witnessed the transaction. After the verdict, counsel complained of the action of the court in that respect and filed an affidavit that he did not object or except at the time for the reason that he had not been afforded an opportunity to examine the paper, except in the hands of the plaintiffs while testifying and was unable to remember or reproduce the contents of the paper. It is apparent that counsel permitted the paper to go to the jury in the belief or hope that it would benefit appellant, which effect it probably had. Plaintiffs had placed a valuation of $5,829.20 on the property lost, all of which was minutely listed and valued in the paper. The jury did not accept the plaintiff's valuation, as the verdict was for only $3,200. Counsel not only failed to object to the paper being sent to the jury, but likewise failed to ask for an explanation or to indicate a need for additional enlightenment as a basis for an objection.

Section 321 of the Civil Code provides as follows:

"After the jury have retired for deliberation. if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their counsel."

In Security Finance Co. v. Cook, 223 Ky. 124, 3 S. W. (2d) 187, it appeared that counsel had requested that an evidential exhibit be sent to the jury room, which request was refused. We held that the court committed no error in that respect. In Watson v. Watson, 137 Ky. 25, 121 S. W. 626, it was explained that any paper which was proper for the jury to have, and which the jury desired to examine, should be submitted to them in the presence of the court and counsel, but that the better practice was to have the jury return to the courtroom for any additional instructions which could be given in the presence of the counsel for both sides. In Williams v. Watson, 207 Ky. 256, 268 S. W. 1067, complaint was made that the court had delivered to the jury certain letters introduced in evidence, but we declined to reverse the judgment for that reason. In L. & N. Ry. Co. v. Berry, 96 Ky. 604, 29 S. W. 449, 16 Ky. Law Rep. 722, it was

held to be within the discretion of the court to permit the jury to take to its room a model produced at the trial which was necessary to elucidate the evidence. In C. & O. Ry. Co. v. Dupee, 67 S. W. 15, 23 Ky. Law Rep. 2349, we decided that the jury was entitled to take the pleadings in the case with them in consultation.

The list of lost articles was contained in both the petition and the answer in this case, and they could have been given to the jury within the ruling in that case. Cf. Newport News & M. V. R. Co. v. Mendell, 34 S. W. 1081, 17 Ky. Law Rep. 1400.

In Abraham & Sons v. Fallis, 210 Ky. 129, 275 S. W. 380, it appeared that a juror entered the courtroom and inquired of the plaintiff's next friend whether the doctor bills of the plaintiff had been paid and was advised that part of them had been paid and part not paid. The presiding judge then sent for the jury and in the presence of counsel admonished the jury not to consider the statement. In Luttrell v. Maysville & Lexington R. R. Co., 18 B. Mon. 291, a witness was called to the jury room and questioned. No opportunity was offered for counsel to object, and the error was held to invalidate the verdict of the jury. In Goode v. Campbell, 14 Bush, 75, one of the jurors wrote a note to the court requesting certain information, which the court gave. As counsel was not consulted. or advised, the practice was condemned. In Louisville, Henderson & St. Louis R. Co. v. Morgan, 110 Ky. 740, 62 S. W. 736, 23 Ky. Law Rep. 121, the deposition of a witness had been taken to the jury room. The deposition contained evidence that had been excluded. It was given to the jury over the objection of counsel for the appellant. The action of the court was held to constitute reversible error, and it was saved by the timely objection of counsel.

It is apparent that the court has a discretion in matters of this kind, and, in the absence of objection by counsel we find no reversible error in what was permitted in this case. Indeed, for all that appears, the circumstance may have been beneficial to the appellant. The jury could examine the list and exercise its independent judgment as to the value of each item. The articles were of such character that the knowledge of the jury might well be applied in revising the estimates of the witnesses. The substantial difference between the verdict of the jury and the valuation of the witnesses might be traceable to this fact. However this may be, litigants may not

experiment with a jury and then complain after the event of something that was allowed to pass with their tacit consent, or at least without objection seasonably made. Moore v. Louisville Hydro-Elec. Co., 223 Ky. 710, 4 S. W. (2d) 701; Hart v. Roth, 186 Ky. 535, 217 S. W. 893; Caldwell v. E. F. Spears, 186 Ky. 64, 216 S. W. 83.

7. The final insistence that the verdict of the jury is contrary to the evidence cannot be sustained. There was ample evidence to justify the verdict of the jury. Indeed, the testimony on both sides made it plain that the furniture lost was especially elegant and in excellent condition, and possessed a value beyond the amount allowed by the jury. The credibility of the witnesses must necessarily be judged by the jury, and on controverted questions of value we repose confidence in the finding of a properly instructed jury within the limits of the proof. Civil Code, sec. 126, subsec. 4; Stewart's Adm'r v. L. & N. R. Co., 136 Ky. 717, 125 S. W. 154; Sandy Valley & Elk. Ry. v. Bentley, 161 Ky. 555, 171 S. W. 178; Davis v. Watts, 9 Ky. Op. 169; Schmid's Adm'r v. L. & N. R. Co., 155 Ky. 237, 159 S. W. 786; Lexington & Eastern Ry. Co. v. Sumner, 196 Ky. 796, 245 S. W. 849; L. & N. R. R. Co. v. White Villa Club, 155 Ky. 452, 159 S. W. 983.

The proof fully sustained the verdict, and in fact indicated a value greater than the jury allowed. We find no reversible error in the record.

The judgment is affirmed.